WARD v. LATHROP AND ANOTHER.

By remanding the cause, when formerly before the Court, it was, in effect, determined that the plaintiff might so amend his petition, as to bring his case within the jurisdiction of the Court; and the cause was remanded for no other purpose, than to afford him that opportunity.

Although the plaintiff and defendant both reside without the limits of this State, our Courts have jurisdiction of the action, where the defendant has property or rights and credits within this State, and the plaintiff seeks to subject them to the payment of his demand, or claims some right respecting such property, or rights and credits.

Amendments which cure a defect of jurisdiction in the Court, like all other amendments, must be taken notice of by the defendant without the renewal of process.

Error from Matagorda. Suit on promissory notes, by the defendants in error against the plaintiff in error. It appeared by the original petition, that both parties were non-residents of the State; and it did not appear that the defendant had any property in the State. The suit was brought to the Fall Term, 1848; and the citation was returned not found. On the 7th of April, 1849, the following agreement was filed: "In the above cause, it is agreed, by the attorneys of the "parties, that publication in order to cite the defendant, shall "not be made, to avoid expense; and the defendant by his "attorney, hereby waives the said publication, and accepts

" service of process in this case, waiving copy of petition,
" and appears to the said case ; the said appearance to have
" the same effect, as if due and legal service by publication
" had been regularly made, to the April Term, 1849, of this
" Court. This agreement is now drawn up in pursuance of
" an understanding had at the last Term of the District Court
" of this county, between said counsel ; Trobridge Ward,
" agent of Samuel Ward, being present and consenting to the
" same. Matagorda, February 14th, 1849. (Signed.) Jas.
" Denison, attorney for defendant ; Jones, Butler and Ballin-
" ger, attorneys for plaintiffs." Defendant answered by gen-
eral demurrer, and a general denial. Demurrer overruled
and verdict and judgment for the plaintiffs. Motion for new
trial overruled. Writ of error, and the judgment reversed
and cause remanded. (See 4 Tex. R. 180.) Supplemental
petition, alleging " that the said Samuel Ward had no pro-
" perty within the knowledge of your petitioners, elsewhere
" than within the State of Texas, from or out of which your
" petitioners could collect the moneys due them by said Ward,
" as set forth in the original petition to which this is a sup-
" plement." They further allege " that the said Ward is the
" true and legal owner of property within the State of Texas,
" and of claims and sums of money within said State; that
" he is and has long been endeavoring to secrete the same, so
" that the claim of your petitioners may be defeated," &c.
Prayer for an attachment against the property of the defend-
ant and " that the said Ward may be cited as the law directs,
" to answer this supplemental petition, and that he be ad-
" judged," &c. Affidavit and bond. Writ of attachment
returned levied, &c. October 9th, 1850, " Order of publica-
tion for the absent defendant and the cause continued." March
16th, 1852, " this day came the parties by their attorneys and
announced themselves ready for trial, and thereupon," &c.
Verdict and judgment for the plaintiffs. Writ of error. The
following " agreement " was attached to the transcript of the
record. (Style of the case and number in the Supreme Court.)

" It is hereby agreed and stipulated by the parties, that when
" this case was called for trial, at the Spring Term, 1852, of
" the District Court of Matagorda, the said Ward was not
" personally present in Court; that said Ward was not repre-
" sented by himself or any attorney, in conducting the trial ;
" and that so much of the judgment of the Court below, as
" recites that said Ward announced himself ready for trial at
" said Term of said Court, is a clerical error: and it is fur-
" ther agreed that the Supreme Court shall, in adjudicating
" this case, have reference to the facts above stated, as though
" the same appeared in the record. (Signed.) Jno. B. Jones,
" attorney for defendants in error ; Jas. Denison, attorney for
" plaintiff in error."

*J. Denison*, for plaintiff in error.  I. This suit was com-
menced in 1848, was tried and a judgment was rendered for
plaintiff.  Upon a writ of error, the Supreme Court reversed
the judgment, on the ground that the Court below had no ju-
risdiction, i. e. the Court below had no jurisdiction of the
parties, and had not acquired jurisdiction, by the use of the
necessary process.

II. All the proceedings below, previous to the remanding,
were *coram non judice*, and a nullity.  The agreement to
waive citation, made by an attorney in a case where the Court
has no jurisdiction, cannot bind the party.

III. If in the second prosecution, after the cause was re-
manded, the amended petition be considered as giving juris-
diction then the previous proceedings being without jurisdiction
and void, it was necessary, in order to acquire jurisdiction over
the defendant, that the ordinary process should be resorted to,
i. e. a citation should be issued, to be served personally or
by publication.  No citation was issued, and the record, as
amended by the stipulation filed, does not show any appear-
ance of defendant, after the case was remanded.

*Jones & Ballinger*, for defendants in error.  The only

question, here presented, is, whether the Court had jurisdiction of the defendant below. There is no question, that the subject matter of the suit is within the jurisdiction of the Court; and there can be as little question, that the appearance and answer of the defendant gave the Court jurisdiction of him. Jurisdiction of the person is acquired by the service of process, or something equivalent to such service. That the appearance and answer of the defendant made him a party to the suit, and gave jurisdiction over him, and that such appearance and answer cured all defects in the service, and waived even the issuance of process, see 5 Comyn's Dig. Tit. PLEADER, (B) 1, p. 295 ; Barnes, 163–167; 3 Wils. R. 141 ; 3 Bl. Com. 298 ; 3 Co. upon Lit. 373, 374, 375 ; Bacon's Abr. Tit. PLEA (D;) 3 Johns. R. 105, and authorities cited ; 1 Bibb, 262, 404 ; Dunn v. Tillotson, 9 Port. R. 272 ; Boughton v. Spear, 4 Ala. R. 257 ; Hobson v. Emanuel, 8 Port. R. 442 ; Moore v. Phillips, Id. 467 ; Young v. Rankin, 4 How. Miss. R. 27 ; Henderson v. Hamer, 5 Id. 525 ; Jones v. Hunter, 4 Id. 342 ; Stevens v. Richer, 1 Id. 522 ; Wiseat v. Menard, Dallam, 503.

As to the authority of the attorney, see Merritt et al. v. Clow, and authorities there cited, 2 Tex. R. 582 ; Green v. Hill, 4 Tex. R. 465.

WHEELER, J. This case was before the Court, at its December Term, 1849, by writ of error, brought by the present plaintiff in error, who was defendant in the Court below. The judgment was reversed and the cause remanded, because there was not sufficient matter, appearing upon the face of the petition, to give the Court jurisdiction. It appeared that both plaintiffs and defendant were non-residents of the State ; and there was no averment that the defendant had property or effects within the State. There could be no intendment to that effect, in the absence of an averment. There appearing, therefore, by the petition, neither person nor property within the State, to give the Court jurisdiction, we held that the Court

below erred in overruling the demurrer to the petition. The cause having been remanded to the District Court, the plaintiffs there amended their petition, averring that the defendant had no property, within their knowledge, elsewhere than in this State, subject to their demand ; but that he had property and monies due him, within the State; and they pray an attachment and writs of garnishment, which, upon the proper affidavit, were issued. The attachment was levied on certain lots in the town of Matagorda ; and, at the Spring Term of the Court, 1852, the plaintiffs recovered judgment for their debt, and a decree, for the sale of the property levied on, for its satisfaction : and the defendant has again brought up the case by writ of error.

By remanding the cause, when formerly before the Court, it was, in effect, determined, that the plaintiff might so amend his petition, as to bring his case within the jurisdiction of the Court ; and the cause was remanded for no other purpose, than to afford him that opportunity. The amended petition avers the existence of property of the defendant, within the State ; which, it was considered would have been sufficient, had it so appeared in the original petition, when the case was previously before the Court; and which, has since been held, in other cases, sufficient, where, as in this case, the proceeding was *in rem*, to give the Court jurisdiction. (Campbell v. Wilson, 6 Tex. R. 379.) The amendment obviated the objection to the original petition, by supplying its omission to state a fact necessary to render it apparent, that the Court could rightfully take jurisdiction in the case.

It is objected that a citation was not issued, upon the amended petition. This objection assumes that the amended petition was the commencement of a new suit; and not, what it manifestly was, a continuation of the former one. The amendment merely supplies the omission in the original petition, of a material averment. It is to be taken and considered with the original petition, both together constituting one pleading, and relating to the same case, originally, though defectively

stated.   The defendant, having been brought into Court, by process issued upon the original petition, and the amendment having been made by leave of the Court, he was bound to take notice of it, without the service of process anew.   The present was the common case of correcting or perfecting a defective and insufficient statement of the plaintiff's case ; and in such a case, it has never been held to be necessary to issue a citation anew; if that be ever necessary upon the amendment of a petition, where the defendant has been regularly served with process.   It is unnecessary to inquire whether the amendment was of such a character as to have let in any defence which might have arisen at the date of the amendment, as no such defence was interposed.

We are of opinion that there is no error in the judgment: and it is affirmed.

Judgment affirmed.