## W. F. Evans and others v. Sarah Mills.

Where it appears from the petition, that the defendant does not reside in the county where suit is brought, and there are no allegations which bring the case within some one of the exceptions to the general rule which requires inhabitants of the State to be sued in the county of their domicil, the defect, if a mere omission of the pleader, may be cured by amendment.

The statute declares that in cases of fraud suit may be instituted where the fraud was committed, or where the defendant has his domicil.

No distinction is made between actual, positive fraud, and constructive fraud, and any act which, in contemplation of law, constitutes a fraud, will give jurisdiction in the county where it was committed.

Error from Walker. Tried before the Hon. Peter W. Gray.

The defendant in error was the mother of Youngblood. The evidence showed very clearly that the latter had been managing the business of the former, and purchased the slave in controversy with her money; that some dispute arose between them, and that their relation of principal and agent had ceased for some time, the slave remaining in the possession of the mother, when the son, in the town of Huntsville, sold the slave to J. T. Evans, who same day sold her to W. F. Evans, the slave being at the time in the possession of Mrs. Mills, and both J. T. and W. F. Evans knowing that she claimed the slave as her own property; although it did not appear that they were not both ignorant of the merits of the respective claims of the mother and son.

The order of Court on the exceptions to the plea to the jurisdiction was as follows:

It is considered and ordered, that the exceptions of plaintiff to defendant's plea to the jurisdiction be sustained and said plea be struck out, and that defendant's plea to the jurisdiction on the petition, as amended, be overruled.

The other facts are stated in the Opinion.

*A. P. Wiley*, for plaintiffs in error, cited Illies v. Knight, 3 Tex. R. 312.

*Yoakum & Branch*, for defendant in error, cited Williams v. Randon, 10 Tex. R. 74 ; Bell v. McDonald, 9 Id. 378 ; Tousey v. Butler, 9 Id. 525. Henderson v. Kissam, 8 Id. 46, not in point.

HEMPHILL, C. J. Suit by Sarah Mills, in Walker county, for the recovery of a female slave, alleging that she was lawfully possessed thereof, as her own property, in Walker county, and that the defendants, William Youngblood and William F. Evans, the former residing in Trinity and the latter in Polk county, Texas, unlawfully and forcibly took said negro out of her possession, and carried her to Polk county, where she is detained, &c.

The defendants excepted, among other matters, to the jurisdiction of the Court, they not being residents of Walker county, and filed a general denial ; the defendant, William F. Evans, pleading separately, that he was an innocent purchaser of the slave, from J. T. Evans, for valuable consideration, without notice of the adverse claim of the plaintiff.

From the record, it appears that the plea to the jurisdiction, coming up at the Fall Term, 1854, was waived. At the Spring Term, 1855, the plaintiff amended her petition, by charging that the defendants, well knowing the negro to be the property of the plaintiff, combining together fraudulently to defraud her of her said negro, then in her possession in Walker county, did, in pursuance of said fraudulent intention and combination, at the time aforesaid, privily and fraudulently take said negro from her premises, under the fraudulent pretence that the slave was the property of said William Youngblood, and had been by him transferred to J. T. Evans, and by the latter to said William F. Evans.

The defendants amended their plea to the jurisdiction, charg-

ing that they had committed no crime or offence in Walker county, for which a civil action in damages would lie. The plaintiffs excepted to this, that it came too late after an answer to the merits ; and the defendants then filed a denial of the charge of fraud against them, as alleged in the amended petition.

At the trial, the entry of waiver of exception by the defendants, at the first Term, was set aside, as being made by mistake. Some entries follow which are not very intelligible ; but the amount of them is, that the defendants' plea of jurisdiction, to the petition as amended, was overruled.

The jury were instructed that two issues were submitted to them : 1st, as to the jurisdiction of the Court, and, 2nd, as to the right of property in the slave.

After charging them on the law, in relation to the first issue, the jury were directed, if they found for the plaintiff on that issue, to inquire as to the second ; and though there was no separate verdict on the first issue, yet the jury having found for the plaintiff on the second, we must presume that they found for the plaintiff on the first ; for if they had found for the plaintiff on the first, that would have been an end of the action.

The first ground of error is in sustaining the exceptions of plaintiff to defendants' plea to the jurisdiction and in overruling said plea. This is the only ground discussed in the brief of the plaintiff in error. Without considering questions which might be raised, as to whether the amendments of the pleas to the jurisdiction were filed in due time, and whether the waiver of said plea was properly set aside, I will examine the questions as if the pleas had been filed in due order. There is no doubt the petition, as it originally stood, was obnoxious to the plea of jurisdiction. The defendants were not residents of Walker county ; nor was the slave in that county ; nor had the defendants committed any such crime or offence as, in the purview of the statute, would give jurisdiction to the county where the offence was committed. (Illies v. Knight, 3 Texas,

Evans v. Mills.

312.)  But before action was had on the plea to the jurisdiction, the petition was amended by the charge of fraud committed in the county of Walker, by defendants against the plaintiff.

There can be no doubt of the right of the plaintiff to make such amendment.  The right to amend is very ample.  The statute declares that the pleadings in all suits may be amended under the direction of the Court, and upon such terms as it may prescribe, at any time before the parties announce themselves ready for trial, with a proviso that no amendment shall prevent a suit from being tried at the Term it may be made, unless the Court be satisfied that such amendment operates as a surprise to the opposite party.  (Hart. Dig. Art. 693.)  All that the defendants could have claimed, on the coming in of the amendment, would have been a continuance ; and especially where there was no defence from lapse of time, or other defence which would not have been as available against the amendment, as against the original petition.  No doubt the facts, alleged in the amendment, constituted a fraud committed by defendants against the plaintiff ; to say the least, they were the elements of what is known in law as a constructive fraud, one class of which is where a person purchases with full notice of the legal or equitable title of other persons to the same property.  (Story, Eq. Sec. 395.)

The defendants are charged with a full knowledge of the rights of the plaintiff to the slave then in her possession, and with combination to defraud her of her said negro ; and it is alleged that they did privily and fraudulently take the said negro from her premises, under the pretence that she was the property of Youngblood, and had by him been transferred to J. T. Evans, and by the latter to William F. Evans.  Here the property is assigned from one to another of the defendants, but all are charged with knowledge of title of plaintiff.  The statutes declares that in cases of fraud, &c., suit may be instituted where the fraud was committed, or where the defendant has his

domicil. No distinction is made between actual, positive fraud, and constructive fraud ; and any act which, in contemplation of law, constitutes a fraud, will give jurisdiction in the county where it was committed.

The proof in the cause furnished the strongest indications of fraud. The defendant Youngblood had a bill of sale, in his own name, of the slave, but the purchase money had been advanced by his mother. He held then on trust, and occupying this confidential relation, he sold to J. T. Evans, who, on the same day, sold to William F. Evans, both of them cognizant of the title of the plaintiff ; and as the property had now been twice transferred, the last vendee, William F. Evans, set up that he is an innocent purchaser without notice of adverse claim.

The allegation in the amendment was sufficient, *prima facie*, to give jurisdiction to the county where the fraud was committed. The evidence fully supported the charge, and such was the finding of the jury, as is shown by the verdict.

Judgment affirmed.