## A. H. REED v. L. B. HARRIS.

1. The system of pleadings and practice in this State is exceedingly liberal, and extends to both plaintiff and defendant every facility for presenting in the same action every kindred demand or defense; and to this end a plaintiff may, by amendment, present new matters for adjudication, and thereby increase or diminish his original demand.

2. When a plaintiff has sued upon an open account, he is not thereby precluded from amending his petition, and alleging that the account had been settled by a binding agreement of all parties, and that the defendant had acknowledged and promised to pay the balance found against him on the settlement; and it is immaterial that the settlement thus pleaded was made prior to the commencement of the suit, and that the plaintiff's demand, as based upon it, is greater than the sum claimed in his original petition.

3. When a person has been employed to state an account between parties, the latter are not bound by the account when stated, unless there was a definite agreement between them to that effect.

4. Plaintiff sued for a certain sum as due him on open account, but afterwards amended and alleged a settlement between him and defendant, whereby a much larger amount was found due by the defendant, and that defendant acknowledged and promised to pay the same; and plaintiff prayed judgment therefor. *Held,* that it was error to instruct the jury that they could not find for the plaintiff, by virtue of the settlement, a greater sum than that claimed in his original petition. If entitled to recover anything on the alleged settlement, plaintiff was entitled to the entire amount thereby found to be due him.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

The opinion of the court indicates the most material facts. The business of the parties was the shipment of cattle from

Texas to New Orleans, in 1866. The settlement relied upon in the amended petition took place in July of that year. The suit was commenced in the spring of 1867, and the amended petition filed in November, 1870. The sum originally claimed as due by open account, was thirteen thousand one hundred and seventy-five dollars and sixty-six cents, whereas Neil's statement of the account showed a balance of over twenty-five thousand dollars against appellant, who was defendant below.

*S. H. Newton,* and *Altgelt & Portis,* for the appellant.

No brief for the appellee.

OGDEN, J. The system of pleadings and practice under our law, as heretofore held by this court, is exceedingly liberal, extending to both plaintiff and defendant every reasonable facility for presenting in one action every kindred demand, or matter of defense, in order that parties may have adjusted questions of dispute or difference, with as little trouble, delay, and expense, as possible. And for the purpose of furthering these desirable objects, the courts have been quite liberal in permitting amendments of pleadings, both in regard to the form and subject matter pleaded. It has, therefore, frequently been held that amendments will be allowed, under proper restrictions, up to the commencement of the trial, and the party pleading may be permitted to present his demand, or defense, in as many, or any, forms he may think proper, provided he does not thereby infract any recognized principle of law ; or he may, by amendment, subject to the permission or order of the court, present new matters for adjudication, thereby increasing or diminishing his demand, or, under certain restrictions, may, by amendment, present an entire new cause of action. And so far as the real cause of action is concerned, we are unable to appreciate the force of the argument, that where a party has brought suit on an open or unsettled account, he may not afterwards amend, and set up the fact that the account had been fully and

finally settled by a binding agreement of all the parties thereto, and that a balance had thereby been fully and definitely ascertained to be due ; and further, that the party against whom such balance was found to stand, had acknowledged the same to be just and correct, and promised to pay the same.   But in order to entitle a party to recover on such final settlement, it must appear from the pleadings and evidence that such settlement was fairly and equitably made ; that it was a settlement of all matters in dispute between the parties ; and further, that all the parties assented thereto, and agreed to be bound by the same.

We are of the opinion that the allegations in the amended petition in this case, are insufficient to charge appellant with the amount found due by the alleged settlement at Galveston. We are also of the opinion that the testimony of Neil, in regard to the acquiescence in, and approval and adoption of that settlement, by all or any of the parties thereto, is too indefinite and uncertain to constitute the basis of any judgment.   It is true, he states that defendant Reed acknowledged the indebtedness of the foregoing amount to plaintiff, but he fails to state to whom this acknowledgment was made, or under what circumstances, and he afterwards qualified that statement by saying that he understood that all acquiesced in his settlement. From this we conclude that the parties employed Neil to examine and make a statement of the account between them, and still reserved the right to adopt his statement as a settlement or not, at their pleasure; and this opinion is greatly strengthened by the testimony of McGrew and Scott.   If this be a true interpretation of the testimony of Neil, then appellant was not bound by that statement, without a definite and specific agreement to abide by the same, or to pay the sum then found due.

But, if appellant made such a specific agreement to abide by the settlement made by Neil, or to pay the sum he found due, then there was error in the verdict of the jury; for, if he was bound by that settlement, then he was bound for the full amount found due, and not for one-half, as found by the jury.   And

herein we think there was error in the charge of the court. In one clause of the charge, the jury are instructed, in substance, that if they believed there had been a settlement in Galveston, by which it was shown that defendant was indebted to plaintiff, then they should find a verdict for the plaintiff, for the amount so shown to be due. But in a subsequent charge, the jury were instructed, that if they believed that a final settlement was made at Galveston, and that a certain sum was then and there declared due the plaintiff, by defendant, they might find for the plaintiff any amount proven due, not to exceed thirteen thousand one hundred and seventy-five dollars, sixty-six cents. It is presumed that this charge was founded on the supposition that the plaintiff would be estopped from recovering any more than he claimed in his original petition; but this was manifestly erroneous, for, if we apply the doctrine of estoppels to this case, and confine the plaintiff to the amount claimed in his original petition, then we must extend it still further, and confine him to the cause of action as originally set out, upon which he founded that claim. It is presumed that the settlement at Galveston included many items not included in the original petition, as the settlement, as claimed, found nearly double the amount due the plaintiff which he claimed in his original petition, and if the jury were limited to the amount originally claimed, and still were permitted to take into consideration matters not then pleaded, the result would be that the plaintiff might be refused a judgment for that which he demanded, and obtain a judgment for what he had not sought. If the plaintiff, under his pleadings, was entitled to recover at all upon the settlement claimed to have taken place in Galveston, then he was entitled to a judgment for the full amount then and there found due; and therefore the charge of the court was erroneous under any view of the case.

But, upon an examination of all the testimony, we are unable to find any sufficient testimony to sustain even the judgment which was rendered. It appears from the petition of appellee that he entered into an equal partnership to share the

profits and the losses of the business, and it appears from all the testimony that the partnership sustained a considerable loss in their enterprise; and still the appellee recovered a judgment for the full value of the capital advanced by him, whether in cattle or money, as claimed in his original petition, thereby throwing the entire loss upon his partner. We think this not in accordance with the agreement of partnership, as claimed by the appellee. We therefore think it clear that the charge of the court is contrary to the most obvious principles of law, and that the verdict is unsupported by the evidence; and therefore the court erred in overruling the motion for a new trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.