T. B. TARKINTON ET AL. v. C. E. BROUSSARD & Co.

1. VERDICT—NEW TRIAL.—A verdict found on conflicting testimony will not be disturbed on appeal, unless the preponderance of evidence against its correctness is so great as to authorize the court to declare it clearly wrong.

2. ATTACHMENT—AMENDMENT.—Though a petition in attachment, which is accompanied by the statutory affidavit, (in proper terms,) may be so defective as to be held bad on general demurrer, it may, under our practice, be so amended as to support the attachment.

3. DISTINGUISHED.—This case distinguished from Sydnor *v.* Chambers, Dallam, 601.

4. AMENDMENT—PLEADING.—Though a petition may be subject to special or general demurrer, yet if the suit is founded on a proper cause of action, described in the petition with such certainty as to reasonably apprise the defendant of the same, an amendment will relate back to the date of the commencement of the suit.

5. CASE APPROVED.—Pearce *v.* Bell, 21 Tex., 690, approved.

APPEAL from Navarro. Tried below before the Hon. F. P. Wood.

C. E. Broussard & Co., appellees, sued T. B. and J. P. Tarkinton, as partners, on a note made payable to plaintiffs, signed "T. B. Tarkinton," alleging that to be their partnership name. They also sued out an attachment, which was levied on a stock of goods claimed by J. P. Tarkinton and replevied by him. J. P. Tarkinton appeared, moved to quash the attachment, and demurred generally; and specially, that the petition alleged a partnership transaction and an individual promise; that it did not allege the ownership of the note nor its delivery to any one; also pleaded, under oath, denial of partnership, *non est factum*, and general denial; and filed a plea in reconvention for illegal and oppressive levy of attachment.

Plaintiffs amended, alleging the execution and delivery of the note and their ownership of it; demurred generally to the plea in reconvention, and also replied to it. T. B. Tarkinton died during the progress of the cause, and his co-defendant, as his administrator, made himself a party.

The original petition alleged that the defendants, as partners, under the firm name of T. B. Tarkinton, made, executed, and delivered the note sued on, whereby they promised to pay plaintiffs the amount of the note, and became jointly and severally, as partners, liable to pay the same. The note was copied in the petition, and shows that it was payable to C. E. Broussard & Co., the plaintiffs. By amendment, plaintiffs alleged their ownership of the note, and that it was executed and delivered to them.

The motion to quash was filed on July 14, 1871, but the record does not disclose whether the ruling of the court on the motion to quash was before or after plaintiffs' amendment.

The motion to quash was overruled, and on the final trial judgment was rendered for plaintiffs for the amount claimed by them and for enforcement of their rights acquired under

the attachment.   A motion for new trial by J. P. Tarkinton was overruled, and he gave notice of appeal, assigned errors, and brought the case here by appeal.

The testimony was conflicting as to the existence of a partnership.

*C. M. Winkler* and *N. P. Jackson*, for the appellants.—It is respectfully submitted that the petition was insufficient to sustain the stringent writ of attachment.   It discloses an individual promissory note signed by an individual.   The allegation called in question by the motion to quash is as follows: Did ————, on or about the 28th day of November, 1870, "make, execute, and deliver their promissory note"?

It is submitted, that this is not an allegation either that the note was delivered to the plaintiffs, or in fact delivered to any one; nor does the petition allege that the plaintiffs are the owners and holders of the note, or show any authority in themselves to sue upon it; that, at least as the foundation of an attachment proceeding, it is not such a "full and clear statement of the cause of action as is required by the statute." (Paschal's Dig., art. 1427.)

It will hardly be contended that an original civil cause can be commenced in the District Court, either by attachment or otherwise, except by petition; and in extraordinary proceedings—as attachment, &c.—the petition must be sworn to.   (Paschal's Dig., art. 138.)

The petition is the leading process.   (Paschal's Dig., art. 1427.)

In so far as the attachment is concerned, it is submitted that it must stand or fall by the original petition, and that its defects could not be cured by an amendment not sworn to.   (Sydnor *v.* Chambers, Dallam, 601.)

It is believed that from the case of Jennings *v.* Moss, 4 Tex., 452, (cited approvingly in Moody *v.* Benge, 28 Tex., 547, and mentioned in Lipscomb *v.* Bryan, 22 Tex., 609, and followed in Gilder *v.* McIntyre, 29 Tex., 89,) no case can be

found where a petition has been held sufficient which did not state that the note was delivered, and to whom it was delivered, by clear and distinct averment. It is submitted that, because of the want of a sufficient petition, the judgment must be reversed and the whole attachment proceedings dismissed.

*William Croft* and *Willie & Cleaveland,* for appellees.—The defects, if any, in the original petition were cured by amendment.

The original petition and the accompanying affidavit were sufficient to authorize the attachment.

The motion to quash was because the original petition did not allege the ownership of the note sued on, or that it was executed or delivered to any one. It alleged that defendants, as partners, in their partnership name of T. B. Tarkinton, made, executed, and delivered the note sued on, whereby they undertook and promised to pay plaintiffs the amount of said note. The note set out in the petition was made payable to plaintiffs. The demand and refusal of payment were averred. The separate affidavit was to the truth of the petition; the just amount of the indebtedness; the fact that defendants were about to remove their property beyond the county of Navarro, and that thereby the plaintiffs would probably lose their debt, and that the attachment was not sued out for the purpose of injuring the defendants. The court overruled the motion to quash and the defendants excepted. (Primrose *v.* Roden, 14 Tex., 3; Wright *v.* Ragland, 18 Tex., 292; McCarn *v.* Rivers, 7 Clark, (Iowa,) 404.)

BONNER, ASSOCIATE JUSTICE.—The material questions presented in argument by the brief of appellants arise upon the alleged insufficiency of the evidence to sustain the verdict and upon the judgment of the court overruling the motion to quash the attachment.

The jury having found, upon conflicting testimony, that T. B. and J. P. Tarkinton were partners, we do not feel author-

ized, under the evidence and the rules of practice, to say that the verdict was so clearly wrong as to authorize this court to set it aside.

The ground upon which the motion to quash was based, was that the original petition in attachment did not state to whom the note sued on was made and delivered, or that the plaintiffs were the owners and holders of the same.

The petition as originally presented, and upon which the attachment issued, declared upon a promissory note mentioned therein and a copy of which was made a part thereof, and upon which the judgment was finally rendered, but was so defective in not stating to whom the same was delivered or to whom it then belonged as not to be good on general demurrer. This, however, was cured by subsequent amendment.

The affidavit annexed to the petition stated that the allegations in the petition were true; that the defendants were justly indebted to the plaintiffs in the amount of the demand; that the defendants were about to remove their property beyond the limits of the county of Navarro, and that thereby the plaintiffs would probably lose their debt, and that the attachment was not sued out for the purpose of injuring the defendants.

Under the statute and decisions of this court, this was a sufficient affidavit to have authorized the issuance of an attachment. (Paschal's Dig., art. 142; Primrose *v.* Roden, 14 Tex., 1.)

The question arising upon this state of pleading is this: Is a petition in attachment upon a sufficient cause of action, but which is so defective in its allegations as not to be good on general demurrer, and which is subsequently cured by amendment, sufficient, under our practice, to support the attachment sued out thereon?

This presents a different case from that of Sydnor *v.* Chambers, Dallam, 601, in which the affidavit itself, upon which the attachment issued, was sought to be amended.

Our statute provides that "the pleadings in all suits may be amended under the direction of the court, and upon such terms as it may prescribe, at any time before the parties announce themselves ready for trial." (Paschal's Dig., art. 54.)

Though the petition may be subject to special or general demurrer, yet, under our practice, if the suit is founded upon a proper cause of action, described therein with such certainty as to reasonably apprise the defendant of the same, an amendment will relate back to the date of the commencement of the suit.

It has been decided at the present term that such petition is sufficient to stop the running of the statute of limitations. (Killebrew *v.* Stockdale, *supra*, p. 535.) A petition so defective as not to show that the court had jurisdiction even, may be cured by amendment. (Ward *v.* Lathrop, 11 Tex., 291; Evans *v.* Mills, 16 Tex., 199.)

If such petition, by amendment, can be made sufficient for the main purposes of the suit, it is believed that, on principle as well as authority, it should be sufficient also—if the defect is cured by amendment, as in this case—to support the ancillary process by attachment, sued out as the means to enforce the judgment which is finally authorized by the pleadings. (Pearce *v.* Bell, 21 Tex., 690.)

We are of opinion that there was no error in overruling the motion to quash the attachment; and there being no error apparent of record, the judgment below is affirmed.

AFFIRMED.