## McDANNELL & Co. v. G. P. CHERRY ET AL.

### (Case No. 5477.)

1. JURISDICTION — TRIAL AMENDMENT.— A mistake in stating the value of the claim sued on may be corrected by the plaintiff in a trial amendment for the purpose of giving the court jurisdiction. If the value stated in the amended petition was fictitious, the defendant could have alleged and proved that fact, and so defeated the jurisdiction; but as that fact did not appear upon the face of the record, it furnished no grounds for sustaining a demurrer to the jurisdiction.
2. REMEDY.— If the facts stated in a petition entitle the plaintiff to proceed in an action of forcible entry and detainer, he is not confined to that action, but can resort to any other form of action by which the property in controversy could be recovered.

ERROR from Caldwell. Tried below before the Hon. L. W. Moore. The opinion sets forth the facts.

*Robertson & Williams,* for plaintiff in error, cited: R. S., art. 4786, subdivs. 3, 4; art. 4489, subdiv. 4; arts. 4490, 4492, 4500; art. 1117, subdiv. 4; art. 1164; Thurber *v.* Conners, 57 Tex., 96.

No briefs on file for defendants in error.

WILLIE, CHIEF JUSTICE.— The original petition filed in this cause alleged the property sued for to be of the value of $250. A de-

murrer to this petition objecting to the jurisdiction of the district court having been sustained, a trial amendment was filed alleging that through inadvertence the value of the property sued for was stated in the original petition to be $250, when in fact it was then, as well as at the date of filing the trial amendment, worth $1,000. The court below held that this amendment did not cure the defect in the original petition so as to give the court jurisdiction, and again sustained the demurrer and dismissed the suit. The amendment was certainly one competent to be made, and would have entitled the plaintiffs to recover the property whether it was worth $250 or $1,000, if they proved their case as alleged. They were authorized to go into a court of competent jurisdiction to assert this right, and to recover judgment if they maintained it. The case made by their original petition was not, in all respects, the case they were entitled to be heard upon. It was improperly stated in an important particular. If it had been properly stated in the original petition, they would have been in a court having jurisdiction of the subject-matter. Why that court could not allow them to correct a single statement which had inadvertently found its way into their pleadings, and thereby show that they were suing in the appropriate tribunal, it is difficult to understand. Upon dismissing this suit, the plaintiffs could have immediately commenced another in the same court — a suit identical with the one dismissed in all respects, alleging the value of the property to be $1,000, and a demurrer to it, such as prevailed in the present case, would have been overruled. Where is the necessity of driving a plaintiff out of court, and forcing him to commence another action precisely like the one which has been dismissed, when the whole subject of litigation can as well be determined in the suit then pending? It certainly is not in accordance with our liberal system of pleading and practice. We allow an amendment, although it sets up a new cause of action, because when the parties are once in court it is better in every respect to determine the controversy between them, though it be different from that which they originally litigated, than to force the plaintiff to a second suit upon the same cause of action.

This court has heretofore held that an amendment may supply an allegation necessary to give a court jurisdiction, and it has even remanded a cause to allow a party to make such an amendment. Ward *v.* Lathrop, 11 Tex., 287; id., 4 Tex., 180; Evans *v.* Mills, 16 Tex., 196.

It certainly follows that a fact improperly alleged through mistake may be corrected for the same purpose.

When the trial amendment was filed the pleadings stood, of course, in the same condition as if the true value of the property had been originally alleged. If this value was fictitious, and averred for the purpose of giving the court cognizance of a cause of which it had no jurisdiction, the defendants could have alleged and proved that fact, and thereby defeated the jurisdiction. I. & G. N. R'y Co. v. Nicholson, 51 Tex., 550; Breen v. Tex. & P. R'y Co., 44 Tex., 309. But this fact was not apparent upon the face of the petition, and hence furnished no ground for sustaining the demurrer.

The special demurrer to the plaintiffs' pleadings set up that the case made by them was an action of forcible entry and detainer, cognizable only in the justice's court.

The pleadings are not capable of any such construction, and, if the facts alleged in them entitled the plaintiffs to proceed in an action of forcible entry and detainer, they were not confined to this remedy, but could resort to any other form of action in which the property in controversy could be recovered. Thurber v. Conners, 57 Tex., 96; Andrews v. Parker, 48 Tex., 94.

The judgment of the court below will be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

[Opinion delivered May 15, 1885.]