## FOSTER et al. v. WRIGHT. (No. 9154.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 15, 1919.)

1. PLEADING ⬥⟺246(1), 259—SCOPE OF AMENDMENTS.

The right to amend pleadings includes the right to set up new matter as new grounds of recovery or defense.

2. PLEADING ⬥⟺236(6)—AMENDMENT MAY ALLEGE JURISDICTIONAL FACTS OR CORRECT DAMAGE CLAIM.

An amendment may supply an allegation necessary to give the court jurisdiction, or correct statement of damages.

3. PARTIES ⬥⟺54—SCOPE OF AMENDMENTS.

An amendment may introduce new parties plaintiff or defendant.

4. PLEADING ⬥⟺246(1) — AMENDMENT MAY CHANGE STATUS OF PLAINTIFF.

An amendment may change the capacity in which the plaintiff sues.

5. PLEADING ⬥⟺248(1)—AMENDMENT MAY INTRODUCE NEW CAUSE OF ACTION.

An amendment may, under restrictions, introduce a new cause of action, or, in addition to the original cause, add one accruing after the suit was brought, and before the amendment was filed.

6. PLEADING ⬥⟺247 — AMENDMENT ALLOWABLE TO CLAIM DAMAGES ARISING AFTER DISSOLUTION OF TEMPORARY INJUNCTION.

Where plaintiff petitioned for an injunction to restrain defendants from disconnecting a pipe system with a well by means of which plaintiff supplied customers with water, and, after dissolution of a temporary injunction, the system was disconnected, held that it was not error for the court to allow plaintiff to amend his petition and set up a claim for damages arising out of such act.

7. CONTRACTS ⬥⟺10(1) — CONTRACT GIVING ONE PARTY OPTION AND THE OTHER NONE NOT BAD FOR WANT OF MUTUALITY.

An agreement founded on a consideration is not void for want of mutuality because one party has an option and the other none.

8. CONTRACTS ⬥⟺10(1)—AGREEMENT BY SELLER OF WELL THAT PURCHASER MIGHT USE PIPE SYSTEM NOT BAD FOR WANT OF MUTUALITY.

Where defendant, a landowner who had maintained a waterworks system from a well on his property, sold the well and surrounding land to plaintiff, agreeing that plaintiff might use the pipes so long as he would supply defendant with water, etc., held that the fact that the contract was optional with plaintiff, and not with defendant, did not render it bad for want of mutuality.

9. CONTRACTS ⬥⟺9(3) — CONTRACT NOT BAD BECAUSE NO FIXED TIME FOR EXPIRATION.

Where a landowner who had operated a small waterworks system from a well on his property sold the well and surrounding land to plaintiff, agreeing that plaintiff might use the pipes so long as he would supply the landowner with water, held that, as the contract would expire upon plaintiff's failure to furnish the landowner with water, upon the wearing out of the pipes, or on the death of either party, it cannot be deemed invalid because it might continue indefinitely, at the option of plaintiff; for where a contract is not revocable at the will of either party, or otherwise limited, it is presumed to be permanent, etc.

---

⬥⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. EVIDENCE ☞419(3)—PAROL EVIDENCE ADMISSIBLE TO SHOW CONSIDERATION.**

Despite the parol evidence rule, plaintiff, who bought land on which was located a well, was entitled to testify that lease of pipes which had been used to carry water from the well was part of the consideration, though the deed expressly recited a consideration.

**11. EVIDENCE ☞442(1)—PAROL EVIDENCE ADMISSIBLE TO ESTABLISH THAT PORTION OF CONTRACT NOT WRITTEN.**

Where a contract is part in writing and part verbal, parol evidence is admissible to establish that part which is verbal.

**12. APPEAL AND ERROR ☞1068(4)—ERROR IN INSTRUCTION ON DAMAGES HARMLESS IN VIEW OF VERDICT.**

In action for damages for disconnecting plaintiff's well from pipes laid by defendant, *held* that where plaintiff sought recovery of $597, and the verdict was for $95, the charge of the court will not be treated as erroneous in allowing damages in excess of the amount prayed for.

**13. APPEAL AND ERROR ☞1171(2)—ERROR OF LESS THAN THREE DOLLARS WILL NOT WORK REVERSAL.**

Under the maxim de minimis lex non curat, an error of less than three dollars in the assessment of damages will not work a reversal.

Appeal from Throckmorton County Court; M. S. Long, Special Judge.

Action by G. C. Wright against P. J. Foster and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Calvin J. Henson and B. F. Reynolds, both of Throckmorton, for appellants.

T. J. Wright, of Throckmorton, for appellee.

BUCK, J. Appellee, G. C. Wright, on October 13, 1916, presented a petition for injunction to the county judge of Throckmorton county, complaining of P. J. Foster, R. Brittain, and the Throckmorton Mill & Light Company, a firm composed of P. J. Foster and R. Brittain. He alleged that on the 13th day of February, 1913, the defendant Foster owned in the town of Throckmorton a plat of ground 20x30 feet, whereon was situated a well affording a bountiful supply of water, and over which was erected and installed a windmill, and connected therewith was a small system of waterworks, consisting of pipes laid for conveying water to a small water tower or tank, and from thence to various points and connections in the town of Throckmorton, Tex.; that on said date plaintiff purchased of the defendant Foster said plat of ground, and the well and windmill situated thereon and the pump connected therewith, and at the same time leased from the defendant said system of waterworks, including the water tower and all pipes and connections; that by the terms of the said lease contract plaintiff was given and granted the use of said pipes, tower, and connections so long as he furnished to Foster water for his private residence and his garage, the furnishing of said water to defendant to be in full satisfaction of the rental value of said system of waterworks; that pursuant to said rental contract, and by virtue thereof, plaintiff took charge of said system of waterworks and had operated the same, and had up to the date of the petition furnished said Foster with an adequate supply of water for the purposes mentioned; that plaintiff had also been furnishing, through the use of said well, pump, pipes, etc., water to various other patrons, and had derived a considerable revenue therefrom, and was under obligation to furnish water to such patrons, and that he would continue to derive from said source revenue, if not prevented by interference from the defendants. He further alleged that Foster and the other defendants were threatening to disconnect the well and pump from the pipes owned by Foster, and that such actions were in violation of the contract theretofore made between plaintiff and Foster, and would result in great damage to plaintiff if permitted to be done.

Upon the presentation of this petition the court granted the temporary injunction prayed for, and upon the filing by defendants of a motion to dissolve the temporary injunction theretofore granted the court on October 28, 1916, dissolved the injunction. Defendants filed an answer on October 17, 1916, praying, first, for dissolution of the injunction theretofore granted, and further presenting special exceptions to plaintiff's petition, not necessary to notice; and, further answering, admitted "that there was some kind of an agreement regarding the use of the pipes as shown in the second clause of plaintiff's petition"; also admitted the sale of the plat of ground mentioned in plaintiff's petition, but specially denied that said agreement was meant to be a permanent agreement to last forever, as indicated in plaintiff's petition; but as a matter of fact, as averred by defendant Foster, such agreement was intended to run only so long as defendant Foster was willing for it to run, or until Foster saw fit to make other arrangements, and that said lease had, at the time of filing said answer, run for three years and eight months, which defendants alleged was a reasonable length of time.

On January 11, 1917, plaintiff filed what he styled a supplemental petition, in which he alleged, among other things, that he had been deriving a monthly income of $18.50 from his water patrons, and since the dissolution of the temporary injunction granted by the court the defendants, on or about December 9, 1916, had wrongfully disconnect-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed plaintiff's well and windmill from the water pipes and tower, and had deprived the plaintiff of the use and possession of the said pipes and tower, and that plaintiff had been damaged in the sum of not less than $500, which it would cost to lay other pipes and make other connections and erect another water tower. To this petition defendants filed an answer in which it was admitted that the pipe line referred to had been disconnected from plaintiff's well, but denied other allegations contained in plaintiff's petition, and alleged that the pipe line was the property of the defendant Foster, and in disconnecting the same he was only exercising his rights thereto. Further pleadings were filed by both plaintiff and defendants, and upon a trial before a jury a verdict was rendered for plaintiff, assessing his damages at $95.17, and, upon judgment being entered thereon, defendants appealed.

Appellants' four assignments urge error in the court below on the following grounds:

(1) That the dissolution of the temporary injunction restraining the doing of certain acts, no part of which had at that time been accomplished, but was only contemplated, constituted a final judgment in the trial court, and, if relief was desired by plaintiff from it, he should have appealed; that failing to do so, and as plaintiff's original petition, the only one filed up to the time of the dissolution of the injunction, failed to allege any specific damages, that he could not, by filing further pleadings, predicate a cause of action for damages against defendants.

(2) That the contract alleged by plaintiff did not provide for any specified time for its duration and termination, and that, therefore, it was necessarily terminable at the will of either party, and that defendants' exception, directed to this point, should have been sustained.

(3) That the court erred in his charge to the jury upon the measure of damages.

(4) That the court erred in admitting in evidence the testimony of plaintiff to the effect that the lease of the system of pipes was a part of the consideration paid by plaintiff for the land, well, and pump purchased.

[1-6] At the time plaintiff filed his petition for injunction no damage had accrued. Though the application as a petition for injunction may have been subject to general demurrer or special exceptions, if urged in due time, yet we are not called upon to determine that matter, for the injunction was dissolved, and no one here complains thereof. It is settled by judicial decision and by rules of court that the right to amend pleadings includes the right to set up new matter, new grounds of recovery or defense, subject to some regulations to be observed by the court. Bailey v. Fly, 97 Tex. 425, 79 S. W. 299. An amendment may supply an allegation necessary to give a court jurisdiction. McDannell & Co. v. Cherry, 64 Tex. 177; Andrews v. Richardson et al., 21 Tex. 287; Evans v. Mills, 16 Tex. 196. An amendment may introduce new parties plaintiff (Lanes v. Squyres, 45 Tex. 382); or may bring in a new defendant (Jolley v. Oliver, 106 S. W. 1151); or may change the capacity in which plaintiff sues (Smith v. Anderson, 39 Tex. 496); or may correct a statement as to damages (Smith v. Connor, 46 S. W. 267); or, under certain restrictions, may introduce a new cause of action (Reed v. Harris, 37 Tex. 167; McDannell v. Cherry, supra; Connoly v. Hammond, 58 Tex. 11); or plaintiff may file an amended petition alleging the original cause of action, and in addition thereto one which accrued after the suit was brought and before the amendment was filed (Ballard v. Carmichael, 83 Tex. 355, 18 S. W. 734). Hence we conclude that the court did not err in permitting plaintiff to amend his petition for injunction subsequent to the dissolution of the injunction and the disconnection by defendant Foster of the water pipes from plaintiff's well. It is true that plaintiff could have appealed from the order and judgment dissolving the injunction, but because he did not elect so to do did not preclude him from amending his petition in the respect shown.

[7, 8] Upon the second question presented appellants lay down two propositions: (a) An agreement, to be enforceable as a contract, must have some determinable time in which to be performed. (b) A unilateral agreement is not enforceable against either party. An agreement founded on consideration is not void for want of mutuality because one party has an option and the other has not, or, in other words, because it is obligatory on one and optional on the other. 9 Cyc. p. 334; 13 Corpus Juris, pp. 341, 342, § 192 (12); H. & T. C. Ry. Co. v. Mitchell, 38 Tex. 95; Tex. Central Ry. Co. v. Eldredge, 155 S. W. 1010, writ refused; Ry. Co. v. Scott, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758; Ry. Co. v. Scott, 75 Tex. 84, 12 S. W. 995; Ry. Co. v. Morris, 29 Tex. Civ. App. 491, 69 S. W. 103.

If there was a consideration moving to defendant Foster to make the contract alleged by plaintiff, such consideration would be sufficient to support the contract, even though plaintiff had the right thereunder to cease furnishing water at any time he desired so to do. Plaintiff testified that a written contract of lease, made at the same time that the deed was executed by Foster to him, was lost. Plaintiff further testified that the making of the lease contract by Foster was a part of the consideration moving to him (plaintiff) for the purchase of the well and the ground on which it was situated; that he would not have wanted the well unless he could have secured the con-

tract with Foster for the lease of the pipes; that Foster desired that the rental contract be made terminable at will of either party, or to run so long as was mutually agreeable, but that he (plaintiff) insisted that he should have the use of said water pipes for an indefinite period of time, or for so long as "said well furnished water and water was furnished to the defendant Foster for his residence and garage"; that the contract was finally agreed upon in accordance with plaintiff's contention and that Judge Reynolds reduced it to writing in that form.

[9] "A contract is not necessarily too indefinite or uncertain although it does not expressly fix the time for payment." 1 Elliott on Contracts (Sup.) 1913-1918, § 176; Tex. Central Ry. Co. v. Eldredge, supra; Ry. Co. v. Scott, supra. "Where a contract is not for personal services, or does not require the imposing of special confidence, and does not fix a limit of its duration, it cannot be regarded as terminable except by mutual consent. So where a contract is not revocable at the will of either party, or otherwise limited as to its duration by its express terms, or by the inherent nature of the contract itself, it is presumably intended to be permanent and perpetual in the obligation it imposes. But a construction conferring a right in perpetuity will be avoided unless compelled by the unequivocal language of the contract, and contracts which involve the imposing of trust and confidence in the parties, and hence involve the element of mutual satisfaction, are held from their inherent nature to imply that they are terminable." 13 Corpus Juris, § 630, p. 604.

The contract under consideration, from its inherent nature, must have been limited in its duration by the happening of any one of several contingencies: (1) The failure of the well to produce the necessary water to enable Wright to furnish Foster and the other customers with their water supply; (2) the wearing out of the pipes so that they could no longer be used for conveying water; (3) the death of either party. But since none of these contingencies occurred, and there appears to be a sufficient consideration upon which to base the contract, to wit, the purchase of the well and plat of ground, we are of the opinion that the contract is not invalid or unenforceable merely because it gave an option to Wright, and not to Foster, to terminate it at his will.

[10, 11] Complaint is made also of the introduction of the testimony of Wright to the effect that the lease of the pipe lines was a part of the consideration for the purchase of the plat of ground and well from Foster. It is urged that the deed was the best evidence of what constituted the consideration for the purchase of the ground containing the well and pump, and that to admit evidence aliunde the deed would constitute a violation of the rule that prohibits the changing, varying, or contradicting of a written contract by parol evidence. There is another rule of evidence that applies here, and that is that parol evidence is admissible to show the consideration for a contract, although the contract is in writing and the consideration expressed therein. Jones on Evidence, § 468; Hansen v. Yturria, 48 S. W. 797; Tex. Central Ry. Co. v. Eldredge, supra. There is also a rule that where a contract is part in writing and part verbal, parol testimony is admissible to establish the part that is verbal. That is, where the written part of the contract constitutes only a portion of a larger contract, parol evidence is admissible to establish the terms of that part of the complete contract which was parol. Stuart v. Meyer, 196 S. W. 615; 10 Ruling Case Law, p. 1019, §§ 211, 213, 221, 230.

[12, 13] Appellant urges that the court erred in that portion of his charge in which he instructed the jury as to the measure of damages, and the result of said error was that the jury returned a verdict for $2.92 more than was asked for as to this item by plaintiff. The plaintiff sought recovery in the sum of $597.25, "alleged to be due for damages sustained by plaintiff for the alleged wrongful acts of the said defendants in disconnecting from plaintiff's well, windmill, and pump the water tank or tower, water pipes and connections," etc. The jury returned a verdict for $95.17. We are unable to say that the jury were probably misled by the charge given by the court upon the measure of damages, or that the jury returned a verdict in any amount in excess of what the plaintiff's pleadings and the testimony would justify. At any rate, de minimis lex non curat.

All assignments are overruled, and the judgment is affirmed.