## MARTINEZ v. CITY OF DALLAS et al.
### No. 11877.

Court of Civil Appeals of Texas. Dallas.
Jan. 5, 1935.

Rehearing Denied Feb. 2, 1935.

Clint & Eades and D. B. Eades, all of Dallas, for appellant.

Thompson, Knight, Baker & Harris, James E. Henderson, Hugh S. Grady, City Attorney, and H. P. Kucera, all of Dallas, for appellees.

LOONEY, Justice.

The city of Dallas, having taken the necessary preliminary steps, enacted an ordinance levying an assessment against P. P. Martinez and certain real estate owned by him, for the purpose of defraying the expenses incident to the installation of a special street-lighting system, and issuing certificates of assessment therefor. Martinez instituted the suit authorized by article 1235, R. S., against the city and certificate holders, to contest the validity of such proceedings, including the assessment, the lien, and the personal liability sought to be fixed; however, as the original petition was not verified, as required by article 1236, R. S., the court denied plaintiff the right to verify same, or to file a properly verified amended petition, and, on motion of defendants, dismissed the suit, holding that plaintiff was "barred and estopped in this or any other action to the same extent as if suit had never been brought." From this judgment plaintiff appealed.

The action of the court in dismissing plaintiff's cause, can be sustained only on the theory that the statute makes the verification of the petition a jurisdictional requisite, and that such defect is noncurable after the expiration of the ten-day period within which the suit must be filed.

In the first place, we do not think the statute has the meaning attributed to it by the court, but, even if so, the defect, in our opinion was curable. While article 1236, in mandatory language, provides that "There shall be attached to the plaintiff's petition an affidavit of the truth of the matters therein alleged, * * * that said suit is brought in good faith and not to injure or delay the city or the contractor," etc., yet the mandatory character of the provision is immediately destroyed by the language that, "Unless the provisions of this article are complied with by the plaintiff or plaintiffs, such suit shall be dismissed on motion of any defendant," etc. In view of the latter provision, we think it obvious that the rule as to verification has no effect, unless invoked in a motion to dismiss, and, if and when invoked, a plaintiff would be entitled to verify the pleading as it stands, or file a properly verified amended pleading, and to deny such privilege would, in our opinion, constitute reversible error.

The suit authorized by article 1235 is just another lawsuit, controlled by the same rules of procedure applicable in other cases; its purpose being to contest the validity of the proceedings had with reference to the improvements, or the validity, in whole or in part, of any assessment or lien, or the personal liability of the owner, and, although the statute contemplates that a petition made up of allegations presenting such issues shall be verified, the affidavit is no part of any formal or essential allegation, tenders no issue, does not shift the burden of proof one way or another, and, in our opinion, is required, simply as an earnest of good faith on the part of plaintiff in filing the suit. Johnson v. Puritan, etc., Co., 19 Mont. 30, 47 P. 337, 340.

It may be true that the rule of strict construction applied by the trial court is in line with that of other jurisdictions (see Butler, etc., Co. v. Borough of Butler, 238 Pa. 180, 85 A. 1112; Murdick v. City of Muncie, 201 Ind. 245, 167 N. E. 132; Woodard v. Iowa City, 212 Iowa, 326, 232 N. W. 806), but, in our opinion, is entirely out of harmony with the more liberal rule in this state, as fairly illustrated by the language of Judge Phillips, in Cotton v. Rhea, 106 Tex. 220, 223, 163 S. W. 2, 4, a suit to enjoin a judgment on an improperly verified counterclaim for penalty for the collection of usurious interest. After holding that the court had jurisdiction, although the pleading setting up the usurious transaction was not verified as the statute required, Judge Phillips used the following pertinent language: "Any contention to the contrary must rest upon the proposition that the verification of the plea presenting the counterclaim was a jurisdictional requisite, but we regard this view as unsound. If it be conceded that verification of such a p'ea, seeking recovery of the penalty provided in article 4982, is necessary under article 4983, to the effect that no evidence of usurious interest shall be received on the trial of any case unless the same 'shall be specially pleaded' and verified by the affidavit of the party wishing to avail himself of 'such defen-e'— which latter article was originally enacted before the passage of the act providing for the recovery of the penalty, now article 4982, and when the plea of usury was available only as a defense, a question which we are not required to determine, the verification of the plea is only for the benefit of the adverse party and may be waived. Arnold v. Macdonald, 22 Tex. Civ. App. 487, 55 S. W. 529, in which a writ of error was refused by this court. It was capable of amendment (Poe v. State, 72 Tex. 625, 10 S. W. 737), and therefore presented no new cause of action as a counterclaim not pleaded in the justice court. It was within the discretion of the court to permit the verification of the plea by way of amendment. Dyer v. Winston, 33 Tex. Civ. App. 412, 77 S. W. 227." Also see Chapman v. Morrison (Tex. Civ. App.) 282 S. W. 606, 607; Sethman v. Liberty Nat. Bank (Tex. Civ. App.) 55 S.W.(2d) 644, 645.

However, if it can be correctly said that the unverified petition failed to show jurisdiction in the court, yet, under the authorities, plaintiff had the right, by amendment, to bring the cause within its jurisdiction, as an amendment would relate back to the date of the institution of the suit, and thereby be within the ten-day period. Ward v. Lathrop, 11 Tex. 287, 290; McDannell v. Cherry, 64 Tex. 177; Foster v. Wright (Tex. Civ. App.) 217 S. W. 1090, 1092.

In Ward v. Lathrop, supra, the Supreme Court through Judge Wheeler said: "By remanding the cause, when formerly before the Court, it was, in effect, determined, that the plaintiff might so amend his petition, as to bring his case within the jurisdiction of the Court; and the cause was remanded for no other purpose, than to afford him that opportunity. * * * The amendment obviated the objection to the original petition, by supplying its omission to state a fact necessary to render it apparent, that the Court could rightfully take jurisdiction in the case." Also in McDannell v. Cherry, supra, the Supreme Court, through Judge Willie, said: "This court has heretofore held that an amendment may supply an allegation necessary to give a court jurisdiction, and it has even remanded a cause to allow a party to make such an amendment. Ward v. Lathrop, 11 Tex. 287; Id., 4 Tex. 180; Evans v. Mills, 16 Tex. 196."

For reasons indicated, we are of opinion that the court below erred; hence its judgment is reversed, and the cause remanded for further proceedings.

Reversed and remanded.