

# The Attorney General of Texas

May 28, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable O. H. "Ike" Harris
Chairman
Economic Development Committee
Texas State Senate
Austin, Texas 78711

Opinion No. MW-343

Re: Whether cities may invest their funds in United States Treasury Bills and Notes instead of city depositories

Dear Senator Harris:

You have asked us several questions concerning the authority of cities, including home rule cities, to invest their funds in United States Treasury Bills and Treasury Notes rather than maintaining them in time deposits in the city depository selected in accordance with article 2559-2566a, V.T.C.S.

Your first question is as follows:

> (1) Are city officials permitted to withdraw funds from the city depository to invest them in United States securities in situations other than those expressly permitted by statute?

Article 2561, V.T.C.S., provides that as soon as the depository has been selected, the city treasurer must transfer to it all funds in his hands belonging to the city. Attorney General Opinion MW-224 (1980) construed the similar language of article 2549, V.T.C.S., relating to the county depository. The opinion concluded that where a statute provides that all the money be placed in the depository, a more specific statute providing an exception must exist before the political subdivision may withdraw funds to place them in federal debt instruments. See, e.g., V.T.C.S. art. 1182g.

You next ask:

> (2) If the answer to question (1) above is no, should such unauthorized investment by city officials constitute a breach of the city depository contract?

As we stated in Attorney General Opinion MW-224, the laws existing at the time of contract formation become part of the contract. Langever v. Miller, 76 S.W. 2d 1025 (Tex. 1934); Winder Bros. v. Sterling, 12 S.W. 2d 127 (Tex. 1929). We concluded that if the county withdrew funds from the depository in order to invest them in United States securities other than as authorized by statute, it would breach its depository contract. We believe the same reasoning is applicable to the city depository contract.

Your third question is as follows:

> (3) Are provisions contained in a city depository contract which are inconsistent or conflict with the city depository statutes unenforceable?

A city availing itself of the procedures for selecting a depository set out in articles 2559-2566a, V.T.C.S., is bound by those provisions. It may not enter into a depository contract containing inconsistent provisions. See Attorney General Opinion M-224. Thus, inconsistent provisions added to the depository contract would be unenforceable. City of Dalhart v. Childers, 18 F. Supp. 903, 907 (N.D. Tex. 1937).

You next ask:

> (4) Does article 1269j-3, Tex. Rev. Civ. Stat. Ann., authorize city officials to withdraw at the end of a fiscal year and place in federal obligations funds which were collected for expenditure in subsequent fiscal years?

Article 1269j-3, V.T.C.S., reads as follows:

> All political subdivisions of the State of Texas which have balances remaining in their accounts at the end of any fiscal year may invest such balances in Defense Bonds or other obligations of the United States of America; provided, however, that when such funds are needed the obligations of the United States in which such balances are invested shall be sold or redeemed and the proceeds of said obligations shall be deposited in the accounts from which they were originally drawn.

A city is a political subdivision. City of Corpus Christi v. Gregg, 275 S.W. 2d 547 (Tex. Civ. App. - San Antonio 1954, no writ); Ex parte Ernest, 136 S.W. 2d 595 (Tex. Crim. App. 1939). It is therefore subject to article 1269j-3, V.T.C.S. This provision authorizes cities to invest only the monies remaining as surplus in the separate accounts for the preceding fiscal year. Attorney General Opinion MW-224 (1980). Money collected to finance public expenditures in the subsequent fiscal year are attributable to accounts for the new year, not the old one, and article 1269j-3 does not permit their withdrawal until the conclusion of the new fiscal year.

Your final question is as follows:

> (5) Since article 2559, Tex. Rev. Civ. Stat. Ann., expressly applies to 'Home Rule' cities and in view of the fact that under article 11, section 5 of the constitution, a 'Home Rule' city does not have the power to take action prohibited by or inconsistent with the constitution or the statutes of the state of Texas, are your conclusions with respect to the city depository statutes applicable to 'Home Rule' cities as well as other cities, towns and villages in Texas?

Article 2559, V.T.C.S., states in pertinent part:

> The governing body of every city, town and village in the State of Texas, incorporated under either the General or Special Laws, including those operating under special charter or amendments of charter adopted pursuant to the 'Home Rule' provisions of the Constitution, is authorized to receive applications for the custody of city funds from any... banker... that may desire to be selected as a depository.... (Emphasis added).

A city entering into a depository contract must do so according to the provisions of articles 2559-2566a, V.T.C.S. The only judicially noted exception is a city incorporated under special law prior to the enactment of the city depository law. The depository provisions in the special charter were not repealed by the general law. Sullivan v. City of Galveston, 17 S.W. 2d 478 (Tex. Civ. App. – Galveston 1928), aff'd, 34 S.W. 2d 808 (Tex. Comm'n App. 1931, jdgmt adopted).

A home rule city, on the other hand, may not enact charter provisions inconsistent with general law. Tex. Const. art. XI, §5. When it places its funds in a depository, it must comply with the general statute authorizing cities to use depositories. The home rule city is limited by article 2559, V.T.C.S., to the same extent as general law cities. See V.T.C.S. art. 2529c, §1.

## SUMMARY

When a city uses a depository it must comply with the procedures set out in articles 2559-2566a, V.T.C.S. City officials may withdraw funds from the depository to invest them in United States securities only as expressly permitted by statute. To withdraw such funds would constitute a breach of the depository contract. Any provisions contained in the depository contract inconsistent with the city depository statutes are unenforceable. Article 1269j-3, V.T.C.S., authorizes cities to invest in federal obligations only the monies remaining as surplus from the proceeding fiscal year.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY, III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Rick Gilpin
Jim Moelinger
Bruce Youngblood