# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

FEBRUARY TERM, 1874, AT ST. JOSEPH.

(CONTINUED FROM VOL. LV.)

---

STATE OF MISSOURI, *ex rel.* ELLZEY VAN BUSKIRK, Appellant, *vs.* ALBERT BOECKER, Respondent.

1. *County Clerk—Resignation of office—Filing of with County Court—Effect—Forwarding of paper to Governor—Action by, etc.*—The Clerk of a County Court tendered his resignation to take effect at a future date. The paper was filed in the office of the court. Afterward and before the date when the resignation was to take effect, the clerk forwarded to the County Court his written withdrawal. But meantime and without his consent and against his express directions, the resignation had been forwarded to the Governor and by him approved, and another person appointed clerk.

*Held,* that under a proper construction of the State Constitution (Art. V, § 8), such resignation was not legal and complete unless sent to the Governor and accepted by him with the knowledge and consent of the clerk; that the filing of the document with the County Court was a nullity, giving that body no jurisdiction; that the paper was constructively still in possession of the clerk; that in law the office of County Clerk did not become vacant; and that with the sanction of the court, the clerk might at the same term legally withdraw his resignation notwithstanding the new appointment of the Governor.

2—VOL. LVI. 17

State, ex rel. v. Boecker.

*Appeal from Holt Circuit Court.*

*Heren, Collins and Bennett Pike,* for Appellant.

I. When respondent notified the County Court in writing that he resigned the said office, to take effect at a future time, he expressed his intention by an unequivocal act and was in every way bound by it. It was not necessary that the resignation should be made to the governor in order to make it complete, for an office may be resigned without a formal act.

Any conduct actually inconsistent with the retention of the office and a formal acceptance of the resignation or appointment of another by proper authority, is sufficient to constitute a resignation. (People, *ex rel.* McCune vs. Board, etc., 26 Barb., 487.)

II. A person resigning an office and manifesting the resignation by an unequivocal act, though he may retract or withdraw before the same has been accepted or any act has been done to fill the place thus made vacant, cannot do so after the resignation is accepted or the appointment of another to fill the place is made. (People, *ex rel.* McCune vs. Board, *supra;* Biddle vs. Willard, 10 Ind., 62).

III. A resignation to take effect in the future creates a vacancy in the meaning of the law, and the office can be filled by appointment to take effect at some future time. (People, *ex rel.* Livingston vs. Albany, C. P., 19 Wend., 27.)

*T. H. Parrish,* for Respondent:

I. Relator's resignation was to take effect Dec. 31, 1872. Till then there was no vacancy; yet relator claims by virtue of an appointment made three months before. Such appointment was void. (Biddle vs. Willard, 10 Ind., 62; Nooe vs. Bradley, 3 Blackf., 158.) The vacancy must have actually existed. (State Const., Art. V, § 8; see also Gen. Stat. 1865, p. 226, § 4; State, *ex rel.* vs. Baird, 47 Mo., 302; Stockton vs. State, 7 Ind., 326; State vs. Boone County Court, 50 Mo., 377.)

Had respondent sent his resignation to the Governor, he

might have withdrawn it before its acceptance and before Dec. 31st, and afterward by the Governor's consent, had no new rights intervened. (Biddle vs. Willard, & People, *ex rel.* McCune vs. Board, etc., 26 Barb., 487.) Here respondent never delivered his resignation to the Governor, but the act was done by relator in person, contrary to respondent's express orders.

*Chandler & Sherman,* for Respondent.

I. The tender of a resignation to any other than the authority competent to accept it—in this case the Governor—is nugatory. (State, &c. vs. Brown, 22 Ohio St., 615).

II. To constitute a resignation, there must be an intention to relinquish a portion of the term of an office, *accompanied* by the act of relinquishment. (Biddle vs. Willard, 10 Ind., 62.)

III. A tender of a resignation to take effect at a future day, amounts but to a notice of intention or a proposition to resign, and the officer still retaining possession of the office, may recall his resignation. (Biddle vs. Willard, *supra.*)

IV. Relator's appointment before Dec. 31st, was a nullity. Till then there was no vacancy. (State, *ex rel.* vs. Baird, 47 Mo., 302; Moore vs. Bradley, 3 Blackf. 158).

WAGNER, Judge, delivered the opinion of the court.

The following facts appear from the record : The defendant was at the general election in 1870 elected to the office of Clerk of the County Court of Holt County for the term of four years. He qualified and took possession of the office and by virtue of said election is still in possession, performing the duties of the office. On the 9th day of August, 1872, he addressed a note to the County Court, tendering his resignation, to take effect on the 31st of December, 1872. On the same day the court received the letter of resignation, and ordered an acceptance to be entered upon its records. The court then adjourned to meet on the 15th day of September, 1872. On the 9th day of September the defendant told Van Buskirk,

who now claims the office, that he intended to withdraw his resignation and hold on to the office, if the County Court would permit him to do so, and on the same day filed his withdrawal in the County Clerk's office. On the 13th day of September, Van Buskirk, with the consent of defendant, procured from the Deputy County Clerk certified copies of the above mentioned resignation and order of the County Court, and on the succeeding day, the 14th of the same month, he presented the same to the Governor, who thereupon indorsed his acceptance upon the resignation paper, and directed a commission to be issued by the Secretary of State to Van Buskirk for the office, to take effect on the 31st day of December, 1872.

It is not pretended by Van Buskirk, nor did he inform the Governor, that the defendant authorized him to present the resignation to the Governor, or even consented that he should do so; but he informed the Governor how and for what purpose he obtained the certified copies, and that the defendant intended to withdraw his resignation, and retain the office if the County Court would permit him to do so. With a full knowledge of these facts, the Governor commissioned Van Buskirk, and on the 16th day of September, 1872, he exhibited his commission to the defendant and the County Court, at which time the court made an order authorizing and permitting defendant to withdraw his resignation and rescinding the former order accepting it. On the 31st day of December next thereafter, Van Buskirk, having gone through the formality of giving bond and qualifying, demanded possession of the office, which the defendant refused to surrender, and a *quo warranto* was sued out to test the validity of the appointment. Upon these facts the Circuit Court rendered a judgment for the defendant.

The question is: When does a vacancy occur which will authorize its being filled by appointment? The Constitution of this State provides that "When any office shall become vacant, the Governor, unless otherwise provided by law, shall appoint a person to fill such vacancy." (Const. of Mo., Art. 5, § 8.)

Since this section in the Constitution was adopted, the legislature has entirely failed to take any action on the subject, and there is no statutory provision in reference thereto so far as the County Clerkship is concerned. The whole power of appointment, then, is vested in the Governor, and it does not appear that any other person or tribunal has anything to do with or control over the subject. In the case of the State, *ex rel.* Henderson vs. The Boone County Court (50 Mo., 317) it was said that an existing office without an incumbent is vacant within the meaning of the Constitution, and can be filled by the Governor by appointment, unless an election or some other mode is plainly indicated. For this position, the court cites with approval the case of Stockton vs. The State (7 Ind., 326), where the same language is used. In this latter case the judge who wrote the opinion of the court, in defining what a vacancy is, and when it happens, says: "There is no technical nor peculiar meaning to the word "vacant," as used in the Constitution. It means empty, unoccupied, as applied to an office without an incumbent. * * * An existing office without an incumbent is vacant, whether it be a new or an old one."

In Biddle vs. Willard (10 Ind., 62), it was held that to constitute a complete and operative resignation, there must be an intention to relinquish a portion of the term of an office, accompanied by the act of relinquishment. "Hence," says the court, a "prospective resignation may in point of law, amount but to notice of an intention to resign at a future day or a proposition to so resign, and for the reason that it is not accompanied by a giving up of the office, possession is still retained and may not necessarily be surrendered till the expiration of the legal term of the office, because the officer may recall his resignation; may withdraw his proposition to resign. He certainly can do this at any time before it is accepted, and after it is accepted he may make the withdrawal by the consent of the authority accepting where no new rights have intervened."

As by the terms of the law, the Governor alone has the authority to make the appointment in case of a vacancy, it would seem to follow, that in order to make the resignation operative,

it should be addressed to him. This is unquestionably the general principle, that when power is bestowed upon a particular officer, when a vacancy occurs, to fill the same by appointment, that the resignation should be sent to him that he may accept it, and then proceed to the discharge of his functions in the premises. The County Court had no jurisdiction over the matter whatever. There is no authority empowering it to take any steps or authority in the case. The resignation placed on file in the records of the court, was a paper not legally or rightfully there, and had no more effect than if it had been retained in the possession of the defendant. The acceptance of the County Court was a nullity, for no provision of law gave it any authority to make such acceptance. But even conceding that the paper which the defendant addressed to the court was evidence of his intention to resign, and was effective as a resignation at a future day, still it was competent for him to withdraw it with the sanction of the court. Both orders were made at the same term of the court, and the court may rescind any prior order made during the term. The notice of withdrawal was made five days before the papers were presented to the Governor, and Van Buskirk, the claimant, was personally notified of the fact, and the Governor was fully advised of all these circumstances before he proceeded to make the appointment. The resignation, which was not made to the Governor, but to the County Court which had no authority in the premises, was presented to the executive against the defendant's express wishes, and without his authority, and the appointment was then made, fifty days before any actual vacancy could take place. The resignation was really in the keeping and under the control of the defendant. It could not amount to a complete and legal resignation, either present or prospective, until it was actually delivered to the Governor and accepted by him, with the knowledge and consent of the defendant. The delivery was not only without his consent, but against his express wishes and protest. Under such circumstances the appointment was simply an attempt to deprive the defendant of an office to which he had been legally

elected by the people, against his will, and without the authority of law. Van Buskirk acquired his claim with full knowledge of all the facts, and he has no rights for a court to enforce or protect.

I think the judgment below was right and should be affirmed. The other judges concur.