## JAMES A. POE V. THE STATE OF TEXAS.

### No. 2653.

1. **Sheriff—Removal from Office.**—Constitution and statutes relating to removals of county officers discussed.

2. **Same—Practice.**— 1. Any number of causes for removal may be included in the same proceeding.

    2. The petition for removal must be sworn to, but the jurat may be amended or the relator may be sworn to an amended petition including the causes relied upon.

    3. The petition may be amended as in other civil cases.

    4. The district judge under the statutes (Rev. Stats., art. 3409) may suspend the officer pending the trial. The act of the Legislature so providing is constitutional.

    5. The judge, however, can not remove from office until after a verdict of a jury of guilty.

    6. The finding of the guilt upon any one or more of the alleged causes is sufficient to support the judgment of removal.

3. **New Bond by Sheriff—Order Without Notice.**—It seems that the county commissioners under article 4733, Revised Statutes, may require the sheriff to give a new bond or additional security without notice to the sheriff. He is entitled, however, to reasonable time after such order before action could be taken against him for disobedience.

4. **Judgment of Removal.**—It was not error in the court that after the trial and judgment it did not restore the sheriff to office pending his appeal to the Supreme Court upon his executing a supersedeas bond.

5. **Suspension.**—The right to suspend is in the district judge, to be exercised at his discretion for the public good. The suspension may continue during the entire litigation. The judgment of the court is for removal and the execution is suspended by the appeal. The suspension is under the control of the district judge.

APPEAL from San Jacinto. Tried below before Hoñ. L. B. Hightower. The opinion contains a full history of the proceedings below.

*R. S. Lovett,* for appellant. — 1. The court erred in overruling respondent's general demurrer to the original petition filed August 16, 1888, said petition failing to set forth sufficient cause for the removal of respondent from his office. The order of the County Court requiring new bond being invalid upon its face, and all the other grounds for removal being charges of alleged failure to perform official duties without showing such alleged failure to be "willful" or "corrupt," and the petition not being sworn to, the general demurrer should have been sustained.

    2. The court erred in overruling respondent's first special exception to the original petition because it set forth more than one and divers causes for the removal of respondent from office and was therefore multifarious. The Constitution authorizes the removal only "upon the cause therefor being set forth in writing," and the inquiry must be restricted to one cause, especially when exception is interposed. Const., art. 5, sec. 24; Trigg v. The State, 49 Texas, 666–7.

    3. The failure, refusal, or neglect of an officer to perform any duty

enjoined on him by law in order to constitute cause for removal must be willful or corrupt. Rev. Stats., art. 3393.

4. The Commissioners Court should cause the officer whose bond is complained of to be cited to appear at a term of their court not less than five days after service of said citation and show cause why a new bond or additional securities should not be required, and an order requiring a new bond made without such citation is void. Rev. Stats., art. 3440.

5. The court erred in allowing relators to file their trial amendment, and in overruling respondent's exceptions thereto as contained in his first supplemental answer. The petition filed August 16, 1888, seeking the removal of the respondent from office was the cause "therefor   *   *   * set forth in writing" required by the Constitution; it was for the causes set forth in said petition that respondent had been suspended and deprived of his office and another person appointed thereto by the district judge in vacation; it was upon the truth and legal sufficiency of said petition that depended the liability of such appointee and his sureties upon the bond required in said order to respondent for his damages, and no amendment of said petition was permissible. Const., art. 5, sec. 24.

6. The law requires the petition to be sworn to at or before the filing of the same, and that not having been done the proceeding was unauthorized and should have been dismissed. Said petition was the foundation of the proceeding upon which respondent had been deprived of his office, was intended as "the cause for removal set forth in writing" required by the Constitution, and when it fell the proceeding should have ended. Const., art. 5, sec. 24; Rev. Stats., art. 3402.

7. The statute (Rev. Stats., art. 3409) conferring power upon a district judge to suspend a sheriff against whom charges seeking his removal are filed before the truth of said charges is found by a jury, and to appoint another person to that office, is unconstitutional and void.

8. The Constitution authorizes a district judge to remove a sheriff only "upon the cause therefor being set forth in writing and the finding of its truth by a jury," and this requirement can not be evaded by a misuse of terms, for whether the act be called "suspend" or "remove" the effect is the same—to deprive the person of the office. Const., art. 5, sec. 24.

9. The district judge has no power to appoint a sheriff; he can only remove him upon the finding of the truth of the charges by a jury, and then the Commissioners Court is by the Constitution exclusively vested with the power of making such appointment. Const., art. 5, secs. 23, 24; *Ex parte* King, 35 Texas, 662; *Ex parte* Hogg, 36 Texas, 14; Gordon v. State, 43 Texas, 330; Trigg v. State, 49 Texas, 660.

HENRY, ASSOCIATE JUSTICE.—On the 16th day of August, 1888, a petition was filed in the District Court of San Jacinto County against ap-

pellant, who was then the sheriff and ex officio tax collector of said county.

The petition was sworn to by the relators before the clerk of the County Court of San Jacinto County (he being clerk of the District Court also), but he did not attach his seal of office to his certificate.

The petition and an application for citation to the defendant were presented to the judge of the District Court in chambers on August 18, 1888, when he endorsed on the petition an order to the clerk to cite the defendant to appear at the next term of the District Court for said county on a day named. At the same time the district judge in accordance with a prayer of the petition suspended the defendant from office and appointed his successor upon his giving bond for $1000 payable to the defendant.

On the day named for the hearing the defendant appeared and answered.

The record contains no statement of facts. The answer contained a general demurrer and a number of special exceptions. Some of the special exceptions were sustained. The general demurrer and other special exceptions were overruled.

The relators filed a trial amendment, setting up substantially the same grounds contained in their original petition and supplying the omissions which had been made the grounds of the exceptions sustained by the court.

The trial amendment was sworn to, and in addition the certificate of the officer who administered the oath recited that the relators swore "that their original petition, filed August 16, 1888, was true."

The grounds for removing appellant from office remaining after the court had acted on appellant's special exceptions, and after plaintiff's trial amendment was filed, were substantially:

1. That the sheriff and ex officio tax collector willfully refused to comply with an order of the County Commissioners Court requiring him to give a new bond as tax collector.

2. That said officer willfully failed to pay over when properly demanded by the Commissioners Court on the sixteenth day of June, 1888, the sum of $1738.61, ascertained on final settlement to be due by him to the county on account of collections of county taxes made by him.

3. That he willfully failed to collect the occupation taxes.

4. That at the May Term, 1887, of the County Commissioners Court, that being a regular term of said court, and the time for a regular quarterly settlement with him, he willfully refused to pay over to the county treasurer the sum of $1377.45 of county taxes previously collected by him.

5. That at the May Term, 1888, of said Commissioners Court, that being the regular time for him to make a quarterly settlement both as sheriff and tax collector, he willfully refused to make any settlement whatever.

The jury rendered a verdict finding all of the charges true, upon which judgment was rendered removing the defendant from office.

The provision of the Constitution on the subject is that "county officers may be removed by the judges of the district courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury." Sec. 24, art. 5.

Section 23 of article 5 prescribes that vacancies in the office of sheriff "shall be filled by the Commissioners Court until the next general election for county or State officers."

The mode of removal of such officers is fully provided for in chapter 2 of title 46 of the Revised Statutes. The law provides that proceedings for that purpose may be commenced in term time or vacation by filing a petition in the District Court of the county where the officer resides; that the "cause or causes" alleged as grounds of removal shall be set forth in plain and intelligible words, and that the petition shall be sworn to "at or before the filing of the same." That the judge shall instruct the jury to find from the evidence "whether the cause or causes of removal set forth in the petition are true in point of fact or not, and when there is more than one distinct cause of removal alleged the jury shall by their verdict say which cause they find sustained by the evidence before them and which not sustained." That at any time after the issuance of the order for the citation the district judge may suspend temporarily from office the officer against whom the petition is filed, and appoint for the time being some other person to discharge the duties of the office, but not until the person appointed shall execute a bond, with such conditions as the judge may impose, to pay to the person suspended all costs and damages that he may sustain by reason of his suspension, in case it should appear that the cause or causes of removal are insufficient or untrue. "That the trial and all proceedings connected therewith shall be conducted as far as it is possible in accordance with the rules and practice of the court in other civil cases," and that "an appeal or writ of error may be sued out as in other civil cases."

The assignments of error involve substantially the following propositions:

1. That under the Constitution but one ground of removal can be set up in any one proceeding.

2. That plaintiff's original petition was not properly sworn to because the county clerk did not attach his seal to his certificate of the administration of the oath, and that on account of such defect all subsequent proceedings were unlawful.

3. That the original petition not having charged that the alleged delinquencies of the sheriff were corrupt or willful, no amendment of it ought to have been allowed.

4. That the order of the Commissioners Court requiring defendant to give a new bond was void upon its face because it was made without first citing him to appear, etc.

5. That the district judge has no power to suspend one officer and appoint another in his stead until there has been a verdict of a jury, and that the statutes on the subject are unconstitutional.

6. That a want of power under the Constitution in a district judge to remove a sheriff from office involves a want of power to suspend him temporarily and bestow his office on another.

Clearly the Constitution does not intend to limit the Legislature in defining the number of causes for which officers may be removed, or, where more causes than one exist, to prevent all from being jointly prosecuted in the same proceeding.

We are not satisfied that the county clerk was required to attach his seal to his certificate, and if it was necessary we see no reason why, he being the clerk of the court in which the cause was pending, might not have been allowed to amend the certificate by attaching his seal, or instead do what was done in this case, to-wit, readminister the oath to the pleadings as amended.

The facts constituting the grounds for removal were set out in the original petition. Some of the grounds, not all, were not charged with the technical precision prescribed by the statute. The defendant exercised his legal right to except to the defective pleadings, and the court sustained both the right and the law by allowing his exceptions, but the same act of the Legislature that conferred upon the defendant the right to object to the pleadings on the grounds taken by his exceptions made it the duty of the court to allow the defective proceedings to be amended under the rules applying to other causes.

Not to allow the defective pleadings to be amended so as to perfect them would have been fully as flagrant error as to have overruled exceptions taken to them. The objection urged to the constitutionality of the act of the Legislature conferring upon district judges power to suspend the sheriff temporarily during the pendency of the removal proceedings is not well taken.

It is unquestionably true that the Constitution does not allow the Legislature to confer upon district judges authority to appoint a sheriff to fill a vacancy. It is equally true that it does not allow the Legislature to give him the power to remove one and thus create a vacancy without the verdict of a jury.

The suspension of an officer may be inconvenient and may even prove to be a great wrong to him. While the suspension is by the terms of the law only a temporary deprivation of the office, it in every case may be what it in effect was in this, a permanent deprivation of the office. Still a suspension is in no proper sense the same thing as a removal. We are

not at liberty by construction or otherwise to hold that the provisions of the Constitution with regard to removals apply equally to suspensions from office.

The Legislature finding the power to suspend undefined by the Constitution has regulated its exercise with due regard to the rights of the office holder. The act while allowing an appeal authorizes it to be returned to the next term of the Supreme Court, wherever it may be in session, and to have there precedence of the ordinary business, and requires it to be decided with all convenient dispatch. The mandate of this court is required to be issued, unless there be cause to the contrary, within five days after the judgment is rendered. The law through the instrumentality of a bond to the suspended officer undertakes to preserve him from pecuniary loss if it shall be ascertained by the verdict of a jury that the alleged causes for his removal are insufficient or untrue. The public interests as well as those of the office holder are to be regarded. The law does not compel the district judges to suspend the officer, but entrusts them with the discretion to do it, as it in like manner trusts to their discretion in many other matters equally important. The safety of the public and every citizen is found in the judicious exercise of that discretion.

We do not deem it material to decide upon the objection taken that the order of the Commissioners Court requiring the sheriff to give a new bond as tax collector was void because it shows that it was made without first citing him to appear and show cause. When the right to require a new bond depends as it does in most cases upon article 3440 of the Revised Statutes, we think the order would be a nullity if made without first citing the officer to appear and show cause. This article is however a general provision for all officers of a certain class, including tax collectors.

A different article of the statutes, relating exclusively to tax collectors, confers upon Commissioners Courts authority to require them to furnish a new bond or additional security " whenever in the opinion of the Commissioners Court or Comptroller of Public Accounts it may be advisable." Art. 4733. We think this article controls this question, and that the defendant was properly required to give a new bond without its being necessary to cite him before the order was made. The court below correctly charged the jury that he was entitled to have a reasonable time to comply with the order before being removed for disobedience to it.

To make the judgment in this case correct it was not necessary for the jury to find all the grounds true that were alleged in the petition. We think either of the charges submitted to it was amply sufficient to sustain the judgment rendered.

It is also assigned that the court erred in refusing after judgment to make an order restoring defendant to his office pending his appeal to

this court, upon his executing a supersedeas bond.   The right to suspend exists under the law as long as the litigation continues.   The suspension existed prior to and did not at all depend upon the judgment.   An appeal with a supersedeas bond had only the effect of suspending the execution of the judgment.   The judgment appealed from removed but did not suspend him.

The appeal prevented defendant's removal from office during its penaency.   His suspension continued afterwards, as before, to await the termination of the litigation.   The judgment is affirmed.

*Affirmed.*

Opinion February 8, 1889.