## Commonwealth ex rel. District Attorney v. Hess.

*School directors—Resignation—Acceptance—Withdrawal of resignation— Appointment of successor—School Code of May 18, 1911.*

1. Under the common law a public officer cannot resign his office without the consent of the body which appointed him or which has power to fill a vacancy, which consent may be given either by express acceptance or by the appointment of a successor. Until such consent is given, the resignation is nothing and he remains in office, and a prospective resignation can be withdrawn any time before acceptance, even without the consent of the appointive power. There is no statute in this State changing the rule of the common law.

2. Where a school director sent a written resignation to take effect at once, but at the next meeting of the board, with said director present and consenting, action on the resignation was deferred to a subsequent meeting, at which a written withdrawal of the resignation was presented, but not accepted, and a successor was elected, such successor will be ousted on *quo warranto* proceedings as unlawfully holding office, as no vacancy existed and his election was void.

3. While section 221 of the School Code of May 18, 1911, P. L. 309, 320, authorizes the removal of a member of a board of directors who fails to attend two meetings, there is no vacancy until the board takes such action.

Rule on Enos H. Hess to show cause by what warrant he claims to hold and exercise the office of School Director of Manheim Township. C. P. Lancaster Co., Trust Book No. 25, page 363.

*J. W. Brown*, for rule; *H. Edgar Shertz*, contra.

HASSLER, J., April 8, 1922.—The facts appearing in the suggestion for a writ of *quo warranto*, the answer and the testimony, are as follows: M. H. Landis was elected a school director of the Manheim Township School District in November, 1919, for a term of six years, commencing on the first Monday of December, 1919, and at that time entered upon the discharge of his duties. On Aug. 19, 1921, he handed his resignation to Charles B. Landis,

2 D. & C.

the president of the board, which was presented by him to the board at the next following meeting, held on Aug. 27, 1921. The resignation is as follows:

"Board of Directors of Manheim Township School District.

"Gentlemen: I hereby tender my resignation as a member of the school board, the same to take effect at once.                (Signed)    M. L. LANDIS."

When it was presented to the board at its meeting on Aug. 27, 1921, a resolution was adopted to defer action on it until the November meeting.

On Oct. 18, 1921, M. H. Landis, in writing, notified the president of the board as follows:

"Dear sir: Some time ago I sent you my resignation as a member of the Manheim Township School Board. I hereby withdraw said resignation."

This was presented to the board at their meeting on Oct. 29, 1921, and upon its receipt the board decided to refuse to permit a withdrawal of the resignation, and thereupon elected Enos H. Hess to fill the supposed vacancy. It is to ascertain the right of said Enos H. Hess to hold the office that this proceeding was commenced.

It is conceded that if a vacancy existed in the board, it had power to fill it, so that the only question to be decided is whether there was a vacancy in the board. There is no merit in the contention of the respondent that there was a vacancy because M. H. Landis neglected or refused to attend two meetings of the board. Section 221 of the School Code of May 18, 1911, P. L. 320, authorizes the removal of a member of a board of directors who fails to attend two such meetings, but the board in this case took no such action. It is not pretended that they removed M. H. Landis, but that they accepted his resignation at their October meeting, and proceeded to fill the vacancy caused thereby. We are confined in our inquiry, then, to the effect of the resignation and its withdrawal before it was accepted by the board of directors.

Under the common law, a public officer cannot resign his office without the consent of the body which appointed him or which has power to fill a vacancy. This consent may be either by express acceptance of the resignation or by the appointment of another to the office vacated: Rex *v.* Lane, 2 L. R. A. 1304; Van Orsdale *v.* Hazard, 3 Hill (N. Y.), 243; Edwards *v.* United States, 103 U. S. 427. There is no statute in this State changing the rule of the common law.

There are cases in some of the states that, under the peculiar circumstances of each case, decide that a resignation creates a vacancy as soon as received by the proper authorities. In most of these cases I find that only the people were authorized to fill the vacancies in the offices, although the law required the resignation to be sent to certain officers.

The American cases, however, generally follow the rule of the common law. Thus, in State *v.* Ferguson, 31 N. J. 107, it is decided that an overseer of highways who had tendered his resignation to the township committee—the body which had power to fill the vacancy—could be compelled by mandamus to perform the duties of the office until his resignation was accepted at a legally constituted meeting of the committee. In Hope *v.* Henderson, 4 Dev. (N. C.) 1, Chief Justice Ruffin said: "An officer may certainly resign, but without acceptance his resignation is nothing, and he remains in office. It is not true that the office is held by the will of either party. It is held at the will of both. . . . Every man is obliged upon general principles, after entering upon his office, to discharge the duties of it while he continues in office, and he cannot lay it down until the public, or those to whom the authority is confided, are satisfied that the office is in a proper state to be left and the officer discharged." In Edwards *v.* United States, 103 U. S. 471, it is decided

that where a township supervisor in Michigan resigned, which resignation was presented to the township board, but was not accepted by them, no successor having been appointed, he can be compelled by mandamus to execute the duties of his office. The court, after carefully considering and referring to many of the cases on the subject, held that, as the common law rule had not been changed by statutory enactment, the resignation was a nullity. See, to the same effect, Waycross v. Youmans, 85 Ga. 708; State v. Clayton, 27 Kan. 442; Rogers v. Slonaker, 33 Kan. 191; Stoll v. Boeker, 56 Mo. 17; People v. Supervisor, 100 Ill. 332; Jones v. Jefferson, 66 Tex. 576. In 29 Cyc., 1403, the rule is stated that acceptance of a resignation by the proper authority is necessary to its validity.

We conclude from these authorities that the resignation of M. H. Landis was not complete at the time of its withdrawal, and did not create a vacancy, as it was not, up to that time, expressly accepted by the board, nor impliedly so by filling the vacancy.

It remains to be considered whether a resignation could be withdrawn before acceptance. The resignation showed the intention on the part of M. H. Landis to vacate the office at once, but we have seen that to create a vacancy, it must have been accepted by the board. When they deferred action upon it until November, at the meeting of Aug. 27, 1921, M. H. Landis was present and acquiesced, or did not object to such action by the board. The resignation, therefore, though in terms immediate, was by mutual agreement made prospective, as its acceptance was to be considered in the future. That such was clearly the intention of the school board is shown by the fact that no steps were taken to fill the vacancy at the following November election, as the School Code required should be done, if a vacancy occurred on Aug. 27th.

Prospective resignations can be withdrawn at any time before acceptance, even without the consent of the appointing power. In Biddle v. Willard, 10 Ind. 62, it is said: "To constitute a complete and operative resignation there must be an intention to relinquish a portion of the term of office, accompanied by the act of relinquishment. . . . A prospective resignation may in point of law amount but to a notice of intention to resign at a future day, or a proposition to so resign, and for the reason that it is not accompanied by the giving up of the office, possession is still retained, and may not necessarily be surrendered until the expiration of the legal term of the office, because the officer may recall his resignation. He certainly can do this at any time before it is accepted, and, after it is accepted, he may make a withdrawal by the consent of the authority, excepting where no new rights have intervened." In State v. Baker, 56 Mo. 17, it is decided that a resignation is not complete without the acceptance of the Governor, and such acceptance must be with the knowledge and consent of the person resigning. So that where a clerk of a county court filed in the office of the court his resignation, and subsequently forwarded to the court his written withdrawal of the resignation, and another had been appointed in his place, it was held that the office had not become vacant, but that the resigning officer might at the same term withdraw his resignation and continue to hold the office, notwithstanding an appointment had been made to fill the vacancy, the resignation having been forwarded to the Governor against his express instructions. See, also, Bunting v. Willis, 27 Gratt. (Va.) 144; State v. Clayton, 27 Kan. 442; Leech v. State, 78 Ind. 570.

The resignation by agreement of the parties, that is, M. H. Landis and the school board, was to be acted on in the future; that is, at the November meeting. The office was not given up by M. H. Landis, and he was recognized

2 D. & C.

as a member of the board between the date of his resignation and the October meeting. In fact, in the minutes of the board for the October meeting he was marked as present, and on a number of questions marked as not voting. In accordance with the above cases, he could withdraw his resignation at any time before it was accepted. He did withdraw it before acceptance. No vacancy existed in the School Board of Manheim Township, and the election of Enos H. Hess is void. We find, therefore, that the respondent, Enos H. Hess, is unlawfully holding the office of School Director of Manheim Township School District aforesaid, and we adjudge that he be ousted and excluded from such office, and that he pay the relator such costs as have been incurred in this proceeding. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.