## LEONARD v. SPEER et al.*
### No. 9829.

Court of Civil Appeals of Texas. Galveston.
March 24, 1932.

Rehearing Denied March 31, 1932.

J. S. Bracewell, of Houston, for appellant.

M. E. Gates and McKinney & Henson, all of Huntsville, for appellees.

LANE, J.

By the agreed statement of facts in the suit hereinafter stated the following facts were shown:

On the 12th day of February, 1932, N. L. Speer, the then sheriff of Walker county, Tex., was convicted of a felony in the 126th district court of Travis county, Tex., presided over by Judge W. F. Robertson, upon an indictment found by the grand jury of said county charging him with the commission of said felony. N. L. Speer appealed from such judgment of conviction to the Court of Criminal Appeals.

The trial judge on said 12th day of February, 1932, in said court ordered the removal of N. L. Speer from the office of sheriff, but suspended such judgment of removal pending Speer's appeal.

After the entry of said order of removal, to wit, on the 13th day of February, 1932, N. L. Speer tendered in writing his resignation as sheriff to the commissioners' court of Walker county, Tex., and on said date such resignation was by said commissioners' court accepted, an order to that effect was duly entered of record by said court, and thereafter, on said 13th day of February, 1932, said commissioners' court, while in session, duly appointed Mrs. Lela May Speer to fill the vacancy caused by the resignation of N. L. Speer.

Immediately after such appointment was made, Mrs. Lela May Speer executed a bond in form and conditioned as provided by law, and otherwise duly qualified as sheriff of Walker county, Tex., and her bond was duly approved by the county judge of said county and all members of said court. Immediately thereafter Mrs. Lela May Speer subscribed the oath of office, which was duly filed with the clerk of the commissioners' court, together with her bond, and applied to the secretary of state for a certificate of appointment; and immediately thereafter Mrs. Speer entered into the performance of the duties of sheriff of Walker county.

On the 17th day of February, 1932, Judge W. F. Robertson of the 126th district court of Travis county, Tex., caused to be entered an order in said court reciting that N. L. Speer had been removed from office of date February 12, 1932, and in which order it is recited that L. L. Leonard is appointed to perform the duties of sheriff of Walker county, Tex., pending the appeal of N. L. Speer. Prior to the making and entry of the last-mentioned order, the county judge of Walker county notified Judge W. F. Robertson that N. L. Speer had resigned as sheriff of Walker county and that Mrs. Speer had been by the commissioners' court of said county appointed sheriff of the county as successor of N. L. Speer, and that she had qualified as such successor.

After the making and entry of the order by Judge Robertson of the Travis county district court, reciting that L. L. Leonard had been appointed to act as sheriff of Walker county pending the appeal of N. L. Speer, L. L. Leonard executed a bond as provided in the order of said district court, and also a bond required by law for sheriffs, and presented the same for filing in the proper records and offered to take the oath of office as sheriff and to enter into the performance

---

*Writ of error granted.

of the duties of such office in compliance with the order of Judge Robertson.

On the 18th day of February, 1932, Mrs. Lela May Speer presented her petition to Hon. S. W. Dean, judge of the district court of Walker county, Tex.; praying for an injunction restraining L. L. Leonard "from in any manner performing the duties of sheriff of Walker County, and from intruding himself into office of sheriff of Walker County, and usurping the same, and from in any manner molesting or interfering with this plaintiff in the exercise of her privileges and duties incident to said office"; that S. W. Robinett, county clerk of Walker county, be restrained from filing or recording any instrument of writing, judgment, or order undertaking to appoint L. L. Leonard sheriff of Walker county until the further orders of this court.

L. L. Leonard filed his plea, praying that plaintiff's suit be abated for want of jurisdiction of the district court of Walker county to entertain the same, urging that the district court in which N. L. Speer was convicted and suspended from office alone had jurisdiction to hear and determine the plaintiff's suit; that N. L. Speer was without authority or power to create and cause a vacancy in the office of sheriff by his resignation at the time he undertook to do so; and that the commissioners' court of Walker county acted without authority in its undertaking to appoint Mrs. Speer to the office of sheriff of Walker county.

Reserving his plea in abatement, defendant Leonard further demurred generally and specially to the plaintiff's petition, and in further answer alleged the conviction of N. L. Speer, his suspension from office, and defendant's subsequent appointment as sheriff by Judge Robertson; his attempt to qualify as such sheriff; and prayed that the prayer of the plaintiff for an injunction be denied and that the plaintiff, Mrs. Speer, be restrained by the district court of Walker county from exercising or attempting to exercise the duties of sheriff of Walker county, or from claiming the emoluments of such office, or the right to possession of any books, property, or records belonging to said office.

By supplemental petition Mrs. Speer alleged that N. L. Speer was convicted upon an indictment which charged him with the commission of the offense for which he was convicted in the year 1929; that since the year 1929, to wit, in the year 1930, he was elected sheriff of Walker county; that by reason of his having been elected at the general election in 1930 the voters of Walker county condoned any act of misconduct or offense that he had theretofore committed; and that under the provisions of articles 5970–5986, Revised Civil Statutes of 1925, he could not be removed from office under the judgment of conviction by the district court of Travis county, and therefore the order and judgment of said court attempting to remove him from office is unwarranted and void.

On the 26th day of February, 1932, the cause came on for hearing in the district court of Walker county, whereupon the court overruled the defendant's plea in abatement, his general demurrer, and all special exceptions to the plaintiff's petition, and after a hearing of the evidence the injunction as prayed for by Mrs. Speer was granted and judgment was accordingly rendered and entered of record. From the judgment so rendered L. L. Leonard has appealed.

Appellant contends that the district court of Travis county first acquired jurisdiction to determine who should perform the duties of sheriff of Walker county pending the appeal of N. L. Speer; that such office was in custodia legis pending such appeal; and that all orders or acts pertaining to the office must be made in the said district court.

We overrule appellant's contention. There can be no doubt that the district judge of Travis county, under the facts shown, had authority to remove N. L. Speer from the office of sheriff as he did, neither can there be any doubt that the commissioners' court of Walker county only has authority and power to fill a vacancy in the office of sheriff of such county. Where a vacancy in the office of sheriff exists, the district court has no power to fill it. Section 23, article 5, Texas Constitution; article 2355, Revised Civil Statutes of 1925, as amended by Acts 1927, 1st Called Sess., c. 90, § 1 (Vernon's Ann. Civ. St. art. 2355); Poe v. State, 72 Tex. 629, 10 S. W. 737.

The facts agreed to clearly show that the tendered resignation of N. L. Speer as sheriff, together with the action of the commissioners' court in accepting same, created a vacancy in the office; that at the time such resignation was accepted by the commissioners' court and at the time Mrs. Speer was appointed as sheriff to fill the vacancy caused by such resignation, there was no person acting or pretending to act as sheriff of Walker county under any actual or supposed authority.

In State ex rel. Sanders v. Blakemore, 104 Mo. 340, 15 S. W. 960, 961, it is said: "There has never been any question in this country but that a civil officer has a right to resign his office. He had that right at common law, and it is recognized in our constitution. The only contrariety of opinion upon the subject has been as to whether an acceptance was necessary to give it complete effect. As the resignation in this case was accepted, it is not necessary to enter into that discussion. We have been able to find no case, and upon principle we can see no reason why, although suspended from the performance of the func-

tions, he may not resign, whatever right he may have in and to the office to which he holds the commission. But by such resignation he could not avoid the consequence of any misfeasance while in office, or deprive another of any right the law may have conferred upon him in respect to such office. The resignation of Bragg and its acceptance by the governor did not ipso facto confer upon the latter the power to appoint the relator to the office. A vacancy must occur by the resignation in order to confer such power. 'There is no technical nor peculiar meaning to the word "vacant." * * * It means empty, unoccupied, as applied to an office without an incumbent. * * * An existing office without an incumbent is vacant.' State v. Boecker, 56 Mo. 21; Stocking v. State, 7 Ind. 326; People v. Osborne, 7 Colo. 605, 4 P. 1074."

It clearly appears that when N. L. Speer resigned there was no incumbent in the office, and the judge of the 126th judicial district had not appointed any one to exercise the functions of the office during Speer's suspension. Nor had any one been appointed to exercise the functions of the sheriff's office of Walker county at the time Mrs. Speer filed her bond and qualified to fill the office.

By section 23 of article 5 of our Constitution it is provided that when a vacancy occurs in the office of sheriff such vacancy shall be filled by the commissioners' court until the next general election for county or state officers, and by article 2355, Revised Civil Statutes of 1925, as amended, it is provided that the commissioners' court shall have power to fill vacancies in the office of sheriff.

In Poe v. State, 72 Tex. 629, 10 S. W. 737, 740, it is said: "It is unquestionably true that the constitution does not allow the legislature to confer upon district judges authority to appoint a sheriff to fill a vacancy. It is equally true that it does not allow the legislature to give him the power to remove one, and thus create a vacancy, without the verdict of a jury."

It is equally true that the Constitution has conferred upon the commissioners' court the power to appoint a sheriff to fill a vacancy.

By article 5968, Revised Civil Statutes of 1925, it is provided that a conviction of an officer of a felony shall work an immediate removal from office of such officer, but it is provided by article 5969 that when an appeal is taken from such conviction the judgment is suspended, permitting such convicted officer to continue to perform the duties of his office pending such appeal, unless the court rendering the judgment of conviction shall deem it to the public interest to suspend

such officer from his office pending such appeal.

It is evident that the court rendering the judgment of suspension of the convicted officer pending the appeal is authorized to do so by the provisions of article 5969 only, and then only for the protection of the public interest against the menace of a convicted officer in performance of the duties of a public office. It is also evident, we think, that such was the purpose and intent of the Legislature in the enactment of article 5969, conferring upon a court power to suspend the officer referred to in said article. Such being true, the voluntary resignation of the convicted officer, and the due appointment of his successor, removes any menace to the public interest by the resigning officer.

We are clearly of opinion, for the several reasons stated, that the judgment should be affirmed, and it is so ordered.

Affirmed.