**CARPENTER v. CARTER, State Auditor.**

No. 25184.    Jan. 23, 1934.

Thos. H. Owen, Paul N. Lindsey, and Haskell Paul, for plaintiff.

J. Berry King, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for defendant.

SWINDALL, J.  On November 17, 1933, the plaintiff made application and was granted permission by this court to commence an original proceeding in mandamus to compel the defendant, F. C. Carter, as State Auditor, to issue to plaintiff warrants for salary as Secretary to the Commissioners of the Land Office. The defendant waived the issuance of an alternative writ and agreed to answer plaintiff's petition, the answer to be created as a response to an alternative writ of mandamus.

The plaintiff, among other things, alleges that he is the duly appointed, qualified, and acting Secretary to the Commissioners of the Land Office; that his appointment was made on the 29th day of May, 1933; that his bond required by law and in the amount required by law has been duly executed and approved by the Commissioners of the Land Office, and is now on file in the office of the Secretary of State. That on the 31st of October, 1933, the Honorable William H. Murray, Governor, under the provisions of Senate Bill No. 3, chapter 184, Special Session of the Fourteenth Legisla-

ture, appeared at the regular meeting of the Commissioners of the Land Office and stated that he had appointed one John H. Casteel as Secretary, and that the said John H. Casteel had made his bond and had taken his oath of office, and thereupon the said William H. Murray, Governor, together with the said John H. Casteel, demanded of the plaintiff that he surrender possession of the office of Secretary, together with the records and assets contained therein, which demand was by plaintiff refused. Plaintiff further alleges that he is the legal incumbent of the office of Secretary to the Commissioners of the Land Office and is entitled to receive the salary appropriated therefor. That there has never been a vacancy created in the office of Secretary since plaintiff was appointed on the 29th day of May, 1933.

The answer of the defendant admits that plaintiff was duly appointed as Secretary of the Commissioners of the Land Office of the state of Oklahoma on May 29, 1933, and that plaintiff qualified as such Secretary by taking the oath of office required by law and by executing the bond conditioned as required by law, which bond was approved by a majority of the Commissioners of the Land Office and filed in the office of the Secretary of State; and that plaintiff entered upon the duties of his office and has since been performing the duties of his office.

The only objection that the defendant, as State Auditor, offers for his refusal to pay the salary of the plaintiff is that the Extraordinary Session of the Fourteenth Legislature of the state of Oklahoma enacted chapter 184 of the Session Laws 1933, without an emergency clause, which act was approved by the Governor on July 18, 1933; and that the Special or Extraordinary Session of the Legislature at which said act was adopted adjourned on July 15, 1933, and that by virtue of section 58, article 5, of the Constitution of Oklahoma, said act took effect 90 days after the adjournment of said Special Session, to wit, on the 14th day of October, 1933; and that said section 2 of said chapter 184 reads in part as follows:

"The Land Office shall be administered under the supervision of the Commissioners of the Land Office by the Secretary of the Commission, who shall be appointed by the Governor."

He contends that by virtue of said clause in section 2 of said act, the office of Secretary of the Commission became vacant by operation of law on the date said act took effect. The defendant further alleges that on the 31st day of October, 1933, the Governor of the state of Oklahoma presented the said John H. Casteel in person to the Commissioners of the Land Office as the new Secretary of the Commission, but the Commissioners of the Land Office refused to recognize said appointment as a valid appointment, or to accept the said John H. Casteel as the Secretary of said Commission.

The pleadings and admitted facts present only one issue for us to determine, that is, the question of who was the duly appointed, qualified, and acting Secretary to the Commissioners of the Land Office of the state of Oklahoma on the 1st of November, 1933.

At the time plaintiff was appointed, section 3501, O. S. 1931, was in force. It provides in part as follows:

"That the Commissioners of the Land Office of the state of Oklahoma are hereby authorized and empowered to appoint one Secretary who shall be known as the Secretary of the Commissioners of the Land Office of the state of Oklahoma. * * *"

This act was amended by chapter 91, Session Laws 1933, Regular Session, House Bill No. 187, the title of which is in part as follows:

"An act relating to the State School Land Department and to the duties and powers of the Commissioners of the Land Office, of the Secretary to the Commissioners, fixing the salary of the Secretary"

—and amending certain sections therein named. Section 13 of that act was amended by the Extraordinary Session of the Legislature, and provides in part as follows:

"Section 2. That section 13 of said House Bill No. 187 be amended to read as follows:

"'Section 13. The Land Office shall be administered under the supervision of the Commissioners of the Land Office, by the Secretary of the Commission, who shall be appointed by the Governor. * * *

"'The Commissioners, by a majority vote, may remove the Secretary or any appraiser, or any attorney of the Land Office. * * *'"

Section 13, article 6, of our Constitution provides that:

"The Governor shall commission all officers not otherwise commissioned by law. All commissioners shall run in the name and by the authority of the 'State of Oklahoma,' be signed by the Governor, sealed with the Great Seal of the state of Oklahoma, and attested by the Secretary of State. When any office shall become vacant, he shall, unless otherwise provided by law, appoint a person to fill such vacancy, who

shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law."

The state of Missouri has a very similar provision in its Constitution which reads that:

"When any office shall become vacant. the Governor, unless otherwise provided by law, shall appoint a person to fill such. vacancy." (Const. of Mo., art. 5, sec. 8.)

The Supreme Court of that state, in State ex rel. v. Boecker, 56 Mo. 17, said:

"Since this section in the Constitution was adopted, the Legislature has entirely failed to take any action on the subject, and there is no statutory provision in reference thereto so far as the county clerkship is concerned. The whole power of appointment, then, is vested in the Governor, and it does not appear that any other person or tribunal has any thing to do with or control over the subject."

Prior to the enactment of chapter 184, the Commissioners of the Land Office of the state of Oklahoma were authorized and empowered by section 3501, supra, to appoint one Secretary, who shall be known as the Secretary to the Commissioners of the Land Office of the state of Oklahoma, and, exercising this power and authority, they had appointed the plaintiff, and chapter 184 did not create a new office, or ipso facto confer upon the Governor the power to appoint a Secretary. Before the Governor is authorized to appoint under section 13 of article 6 of the Constitution, there must be a vacancy in the office, and chapter 184, Session Laws 1933, supra, does not confer upon him any greater power than is conferred upon him by the Constitution. As said by the Supreme Court of Missouri in the case of State ex rel. Sanders v. Blakemore, 15 S. W. 960:

"There is no technical nor peculiar meaning to the word 'vacant'. * * * It means empty, unoccupied, as applied to an office without an incumbent. * * * An existing office without an incumbent is vacant."

In the case at bar the plaintiff was and is the legal incumbent of the office of Secretary to the Commissioners of the Land Office until he resigns, dies, removes from the state, or is removed in the manner authorized and provided for under the Constitution and laws of the state of Oklahoma, and as such Secretary is clearly entitled to his salary, payable at the time and in the manner authorized and provided for by law and out of the funds appropriated for such purpose.

The peremptory writ or mandamus is, therefore, granted.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, BAYLESS, and WELCH, JJ., concur. OSBORN, J., concurs in conclusion.

OSBORN, J. (specially concurring). In concurring with the conclusion reached in the above cause, I do so for the reason that petitioner is performing the duties of his employment and there is in fact no real contestant against his claim of right to perform such duties. It seems to me that the court should leave for determination the question of whether or not there was a vacancy created by the legislative act under consideration until such time as said question is properly presented in a proceeding where it is necessary to decide the same in order to dispose of the matters in controversy. Under the record in this case, as presented here, I do not deem that such question is before the court.

BUSBY, J., concurs in the above views.