

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 13, 1974

The Honorable Ted Butler
Criminal District Attorney
Bexar County
San Antonio, Texas 78204

Opinion No. H- 227

Re: Whether Justice of the Peace,
convicted of felony and suspended
pending appeal, under Article 5969,
is entitled to emoluments of office
during appeal.

Dear Mr. Butler:

Your letter requesting our opinion advises that a Justice of the Peace has been found guilty of a felony involving official misconduct and was "removed" from office on that date by the district judge presiding over the trial. The conviction is now on appeal.

Essentially, you ask two questions:

(1) Is a Justice of the Peace, convicted of a felony and "removed" from office pending appeal of said conviction pursuant to Article 5969, V. T. C. S., entitled to the emoluments of office while the appeal is pending?

(2) "[S]hould the criminal case be reversed upon appeal, would the county then be obligated to pay the withheld salary to the Justice of the Peace?"

The office of Justice of the Peace is a constitutional one with a constitutionally prescribed term of four years. Article 5, § 18, Constitution of Texas. As such its holder may be removed from office only in accordance with constitutional provisions. Attorney General Opinions H-72 (1973), H-220 (1974). Article 5, Section 24 of the Constitution provides that:

". . . [J]ustices of the peace. . . and other county officers, may be removed by Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

The applicable statutes are Articles 5968 and 5969, V. T. C. S.

Article 5968, V. T. C. S., provides in part:

"All convictions by a petit jury of any county officers for any felony. . . shall work an immediate removal from office of the officer so convicted. Each such judgment of conviction shall embody within it an order removing such officer."

The "immediate removal" of Article 5968, however, is qualified by Article 5969, V. T. C. S., which provides:

"When an appeal is taken from such judgment by the officer removed, such appeal shall have the effect of superseding such judgment, unless the court rendering such judgment shall deem it to the public interest to suspend such officer from the office pending such appeal; and in that case the court shall proceed as in other cases of the suspension of officers from office as provided herein."

Pursuant to Article 5969, Texas Courts of Civil Appeals have held in several instances that the appeal of a conviction effectuates a suspension of removal. In Leonard v. Speer, 48 S. W. 2d 474 (Tex. Civ. App. Galveston 1932 err. dism.), the court held that, pending the appeal, the convicted officer is permitted to continue to perform the duties of his office unless the convicting court makes the finding of public interest required by Article 5969. The Court stated:

The Honorable Ted Butler, page 3 (H-227)

> "It is evident that the court rendering the
> judgment of suspension of the convicted officer pending
> the appeal is authorized to do so by the provisions of
> article 5969 only, and then only for the protection of
> the public interest against the menace of a convicted
> officer in performance of the duties of a public office.
> It is also evident, we think, that such was the purpose
> and intent of the Legislature in the enactment of Article
> 5969, conferring upon a court power to suspend the
> officer referred to in said article." (48 S. W. 2d at
> 476)

Similarly, the Court of Civil Appeals held in Garcia v. Tobin, 307 S. W. 2d 836 (Tex. Civ. App., San Antonio, 1957) affm'd, 316 S. W. 2d 396, that an officer, convicted in federal court of a felony, who had appealed his conviction, was not rendered ineligible to hold public office pending the outcome of the appeal.

Unless an appealing officer has been suspended in accordance with Article 5969, he is entitled to the emoluments of office. "To entitle a person to recover the emoluments of an office, he should show that he is an officer de jure, that the office has been legally created and is in existence, and that he has been legally placed therein and has a legal right thereto." 47 Tex. Jur. 2d, Public Officers, § 163, p. 207. And see Attorney General Opinion WW-1064 (1961).

Pursuant to Article 5969, conviction of a felony, without more, does not remove the legal right of an officer to his office and its emoluments if an appeal has been taken and if the additional steps have not been taken by the court to suspend such officer pending his appeal. It makes no difference that he has failed to perform the duties of office since his conviction, because "[t]he salary or emoluments are incident to the title to the office and not to its occupation or the performance of official duties," 47 Tex. Jur. 2d, Public Officers, § 163, p. 208; Beard v. Decatur, 64 Tex. 7 (1885); City of Houston v. Estes, 79 S. W. 848 (Tex. Civ. App. 1904, error ref'd).

The statutes are silent as to the answer to your second question which concerns automatic removal upon conviction of a felony and a suspension from

office under Article 5969.    However provision is made in Article 5982-b V. T. C. S. for the compensation of an officer, removed by judcial proceeding under Article 5970 and later found on appeal to be entitled to his office.

In our opinion, if the conviction is reversed on appeal--having the effect of no conviction at all--the officer removed automatically by the conviction in the first place and later reinstated when the conviction was set aside, should be entitled to the emoluments of his office as if he had never been removed, unless during the intervening period something else had occurred to deny him the right thereto.

## SUMMARY

A Justice of the Peace, convicted of a felony involving official misconduct, who appeals the conviction, is entitled to the emoluments of office pending the appeal, unless the convicting court finds that it is in the best interest of the public to suspend him, in which case he gets nothing. In the latter situation, if the conviction of the Justice of the Peace is set aside on appeal, he will be entitled to be compensated for the period of suspension, assuming there is no other reason why he should not be paid.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee